**UNITED STATES v. VON WILLER.**

No. 10095.

United States Court of Appeals
Seventh Circuit.

May 10, 1950.

Virgil Norris, Indianapolis, Ind., Albert Ward, Palmer K. Ward, Indianapolis, Ind., for appellant.

Matthew E. Welsh, U. S. Attorney, Elba L. Branigin, Jr., Ass't U. S. Attorney, Indianapolis, Ind., for appellee.

Before DUFFY and FINNEGAN, Circuit Judges, and BRIGGLE, District Judge.

FINNEGAN, Circuit Judge.

On April 19, 1949, pursuant to the provisions of section 2255, title 28 U.S.C.A., the defendant filed in the United States District Court for the Southern District of Indiana, Indianapolis Division, a motion to set aside a judgment and sentences imposed on him on June 1, 1948.

The Government filed no answer denying any allegations of the petition. It did, however, enter into a stipulation of facts with the defendant, which stipulation provided "that the parties shall have the right to offer additional evidence deemed material to such offering parties, and to the court, or any evidence supplementing or expanding any of the stipulated facts so long as not contradictory of any stipulated facts."

On September 27, 1949, the District Court overruled and denied the motion of the defendant. Defendant prosecutes this appeal to reverse said ruling of the District Court.

In the briefs filed on behalf of the Government, as well as in oral argument, the Government confessed that the District Court determined the motion of the defendant without notice to the defendant, and without a hearing on said motion. Both parties nevertheless requested this court hear the entire matter on the merits.

Because the record before us is incomplete and contains no report of the proceedings had at the trial, which culminated in the sentences of June 1, 1948, we are unable to pass upon the action of the District Court. It appears from the record we have before us that the action of the District Court was based upon the stipulation of the facts made by the parties, as well as upon the record made in the District Court. In its order the District Court found, after enumerating the elements constituting the offenses with which the defendant was charged, that each such element was supported by evidence heard at the trial. Without a record of proceedings we are unable to determine whether or not this finding of the District Court was justified.

Because the statute, section 2255, title 28 U.S.C.A., provides that a "sentencing court shall not be required to entertain a second or successive motion for similar relief on behalf of the same prisoner", we feel constrained to reverse the order of the District Court entered without notice to the defendant and without a hearing on his motion, with directions to that court to grant the defendant a hearing on said motion—it is so ordered.