### UNITED STATES v. STURM.
#### No. 10017.

United States Court of Appeals
Seventh Circuit.

March 7, 1950.
Writ of Certiorari Denied June 5, 1950.
See 70 S.Ct. 1008.

Robert E. Bard, Chicago, Ill., Julius Sturm, for appellant.

Otto Kerner, Jr., U. S. Atty., Joseph E. Tobin, Asst. U. S. Atty., Chicago, Ill., for appellee.

Before MAJOR, Chief Judge, and FINNEGAN and LINDLEY, Circuit Judges.

LINDLEY, Circuit Judge.

Defendant appeals from an order of the District Court entered August 22, 1949, denying defendant's motion to vacate

3. Angelus Milling Company v. Commissioner, 325 U.S. 293, 299, 65 S.Ct. 1162, 89 L.Ed. 1619.

three sentences imposed upon him by that court on June 11, 1947. Apparently his motion was based upon Section 2255, Title 28 United States Code Annotated, which is, in part, as follows: "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Since the trial court denied the motion without granting a hearing thereon or making findings of fact and conclusions of law with respect thereto, its order was proper only if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief * *." That, then, is the sole question before us on this appeal. In its resolution, we must, of course, accept as true and correct the averments of fact contained in the motion, insofar as they are not inconsistent with the record, and, on that basis, proceed to determine if they entitle defendant to the hearing denied him.

An examination of its contents discloses that defendant's motion, although replete with legal conclusions, wholly fails to aver the facts upon which those conclusions are, of necessity, founded. Just as a petition for a writ of habeas corpus or an application for a writ of error coram nobis must set forth the facts as distinguished from mere conclusions, upon which the right to the writ is predicated, Quagon v. Biddle, 8 Cir., 5 F.2d 608; Marslin v. Schmucker, 4 Cir., 89 F.2d 765; Osborne v. Johnston, 9 Cir., 120 F.2d 947; People v. Long, 346 Ill. 646, 650, 178 N.E. 918; People v. Hunt, 292 Ill.App. 632, 10 N.E.2d 828; People v. Pangos, 293 Ill.App. 636, 13 N.E.2d 211, so, it would seem clear, must such a motion as that authorized by Section 2255, which is no more than a "procedure in the nature of the ancient writ of error coram nobis", Revisers' Notes, Title 28 United States Code Annotated, present the facts upon which the movant relies. This being true, it follows that the trial court might quite properly have regarded the legal in-sufficiency of the pleading as requiring imperatively its denial of the motion.

Even if we should incorporate into the pleading the facts averred in defendant's brief and regard them as having been properly averred, still, the lower court's denial of the motion was proper. The facts, as related by defendant, are that the police, after apprehending, on the morning of May 6, 1947, two men who had attempted to cash a worthless check drawn on an Arkansas bank, were informed by them that defendant was the third member of their criminal undertakings and that he was to meet them later that day at the Clayton Hotel in Waukegan. The police promptly called in the FBI, and two of its special agents, after further questioning defendant's accomplices, proceeded to Waukegan to arrest defendant. About 6 o'clock that evening, the agents, accompanied by two police officers, went to the Clayton Hotel, and, entering defendant's room, arrested him. Thorough search of his person and the room in which he was arrested resulted in the seizure of certain checkwriting equipment and a number of falsely made checks, purportedly certified by an Arkansas bank.

Defendant further avers that, after his arrest, he was transported from Waukegan to the Chicago office of the FBI and there subjected to several hours of questioning, in the course of which threats were made by the agents who conducted the interrogation, and that finally, he signed a confession. On the next afternoon, he was arraigned before a United States Commissioner on a complaint charging that he and his co-defendants had engaged in a conspiracy to violate the National Stolen Property Act, Title 18 U.S.C.A. § 415, in violation of Section 88, Title 18 U.S.C.A., and that, in furtherance thereof, they had met at the Clover Bar in Chicago and "in divers other places." A hearing on the complaint was set for May 14. Shortly thereafter, defendant procured the services of an attorney who represented him throughout the subsequent proceedings.

On May 14, 1947, defendant, waiving examination on the complaint, was ordered held for trial. On May 15, appearing be-

fore the court with counsel, he executed a waiver of indictment, a waiver of trial in the Eastern District of Arkansas, and a consent to have his case disposed of by the court below upon a plea of guilty, as provided for in Rule 20 of the Federal Rules of Criminal Procedure, 18 U.S.C.A. Accordingly, two informations were filed in the District Court in Arkansas, certified copies of which were filed in the trial court on June 9, 1947, both charging defendant with violating Section 415 [now § 2314], Title 18, U.S.C.A. In addition, an information charging defendant and others with violation of Section 88 [now § 371], Title 18, U.S.C.A., was filed in the trial court. On June 11, defendant, represented by counsel, having been arraigned, entered pleas of guilty to all three informations, whereupon he was sentenced to five years each on two of the informations and two years on the third, the sentences to run concurrently.

Defendant's basic contention is that the alleged violation of certain rights guaranteed him by the Constitution vitiated his plea of guilty and rendered void both the judgment and sentences. More particularly, he urges that his arrest, under the circumstances obtaining in this case, was illegal and the guaranty against unreasonable searches and seizures violated; that his detention, prior to arraignment before a Commissioner, was unlawful; that his detention for trial upon a complaint which did not state facts sufficient to constitute an offense cognizable under the laws of the United States, was a deprivation of his liberty; that, because of these alleged violations of his Constitutional rights, the District Court lost juridiction of the case and that, consequently his subsequent conviction was void. The government, admitting arguendo the illegality of defendant's arrest and the search and seizures accompanying it, maintains that these events did not deprive the court of jurisdiction; it denies that the detention of defendant prior to his arraignment was illegal; and argues that, in any event, his plea of guilty constituted a waiver of the defects of which he now complains.

■ Whether the rights of the defendant were violated, as he alleges, was a question of fact to be determined not by this court but by the District Court, and by that court only in the event that defendant demonstrated a right to a hearing on his motion to vacate. If, as the government contends, defendant's plea of guilty amounted to a waiver of the violations which he now urges annuls his conviction and sentences, the District Court was correct in denying the motion and in declining to grant a hearing thereon. Defendant seeks to avoid the effect of his plea of guilty by contending (1) that the violation of his constitutional rights automatically deprived the court of jurisdiction to receive his plea, and (2) that, although a plea of guilty ordinarily constitutes an admission of guilt and a waiver of trial and the rights incidental thereto, it does not have this effect if made while the accused is under a misapprehension of the facts and his rights.

■■ From the cases cited by defendant in support of his contention that the deprivation of a constitutional right ousts the jurisdiction of the District Court it is manifest that this result obtains only where the violation of a right asserted by the accused bears a causal relationship to his subsequent conviction. Mooney v. Holohan, 294 U.S. 103, 55 S.Ct. 340, 79 L.Ed. 791, 98 A.L.R. 406, (conviction based on testimony known by prosecution to be perjured); Brown v. Mississippi, 297 U.S. 278, 56 S.Ct. 461, 80 L.Ed. 682, (conviction based on extorted confession); Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461, 146 A.L.R. 357, (accused denied assistance of counsel); Chambers v. Florida, 309 U.S. 227, 60 S.Ct. 472, 84 L.Ed. 716, (conviction based on coerced confession); McNabb v. United States, 318 U.S. 332, 63 S.Ct. 608, 87 L.Ed. 819, (conviction based on incriminating statements obtained from defendant in unlawful manner). Here, however, no such causal connection is evident, for, defendant having entered a plea of guilty, neither the evidence obtained in violation of his right to be secure against unreasonable searches and seizures nor the allegedly coerced confession was ever used against him.

That a voluntary plea of guilty constitutes an admission of guilt and a waiver of all non-jurisdictional defects is conceded by defendant, but he argues that his plea was not made voluntarily but under a misapprehension of his rights, his allegation being that he entered his plea only because he was unaware that the illegally seized evidence and the allegedly coerced confession could not be used against him if he pleaded not guilty and stood trial. The conclusive answer to this is that defendant, when he signed waivers of indictment and venue, and at the time of his arraignment and plea of guilty, was represented by counsel of his own choice, presumably competent counsel, chargeable with knowledge of the rules of law of which the defendant now professes to have been ignorant. This circumstance, we think, compels us to reject the defendant's contention that his plea was not made voluntarily and with knowledge of his legal rights.

From the cases cited by defendant, it clearly appears that a plea of guilty will not be regarded as voluntary if procured by trick or artifice, Smith v. O'Grady, 312 U.S. 329, 61 S.Ct. 572, 85 L.Ed. 859, or if the accused, without understandingly waiving the assistance of counsel, has been coerced into so pleading, Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309, or if the plea has been entered in complete ignorance of his right to have the assistance of counsel, Parker v. Johnston, D.C., 29 F.Supp. 829, or in ignorance of the rights guaranteed by the Fourth and Fifth Amendments, United States v. Walsh, (D.C.La.) 89 F.Supp. 409. It is significant that in none of these cases was the defendant represented by counsel. In Waley v. Johnston, 316 U.S. 101, 62 S.Ct. 964, 86 L.Ed. 1302, a prisoner who had been represented by court-appointed counsel was granted a hearing on his petition for a writ of habeas corpus on the basis of his allegation, which was not denied by the respondent, that he had been coerced into pleading guilty. The situation here is not at all comparable to that which abided in that case; the defendant here has not alleged that his plea was coerced but merely that it was entered under a misapprehension of his rights, an allegation which, we think, is wholly refuted by the fact, which appears of record, that he was, throughout the proceedings in the District Court, advised by competent counsel of his own selection.

It is clear that "the motion and the files and records of the case conclusively show the prisoner is entitled to no relief"; consequently, the District Court's denial of defendant's motion was correct and is affirmed.