**UNITED STATES v. BUHLER.**

No. 10296.

United States Court of Appeals Seventh Circuit.

Heard Feb. 2, 1951.

Decided Feb. 7, 1951.

Robert Albert Buhler, Charles Z. Bond, James P. Murphy and Dan C. Flanagan, all of Fort Wayne, Ind., for appellant.

Gilmore S. Haynie, U. S. Atty., Fort Wayne, Ind., James E. Keating, Asst. U. S. Atty., South Bend, Ind., for appellee.

Before MAJOR, Chief Judge and KERNER and FINNEGAN, Circuit Judges.

MAJOR, Chief Judge.

This is an appeal from an order denying and dismissing defendant's application for relief under 28 U.S.C.A. § 2255. Upon filing of the application, the court ordered the United States Attorney to respond, who instead filed a brief which was treated by the parties as an answer. The defendant in his application prayed for oral argument thereon, and by his counsel represented to the court that only a legal question was to be presented. Notwithstanding that defendant's counsel neither offered oral testimony nor sought the privilege of so doing, and impliedly, if not expressly, represented to the court that he did not desire to do so, we are requested to reverse the order for such purpose. While the record is confusing as to what was sought in the District Court, there emerges a single determinative issue, that is, whether the defendant in his application alleged facts which, if proven, would entitle him to relief.

The following statement of the case is taken from the defendant's brief in this court, which we assume is as favorable to him as the circumstances will permit. An Information pursuant to the Juvenile Delinquency Act was filed against defendant charging him with a violation of Sec. 2312, Title 18 U.S.C.A., in that on April 9, 1949 he, as a juvenile delinquent unlawfully, wilfully and knowingly transported and caused to be transported a stolen motor vehicle from Fort Wayne, Indiana to Belmar, New Jersey, knowing the motor vehicle to have been stolen. On arrest in New Jersey he posted bond and was permitted to return in the alleged stolen motor vehicle, and on arrival in Fort Wayne he was taken into custody, later arraigned, the arraignment being waived, consented to the form of prosecution, entered a plea of *nolo contendere* after being advised of his rights with competent counsel present. He was convicted, the court recommending that he be committed to the Federal Correctional Institution at Ashland, Kentucky, until he attained his majority, and in which institution he is now confined.

The material allegations of defendant's application are stated in his brief as follows:

1. That petitioner is now incarcerated in the Federal Correctional Institution at Ashland, Kentucky.

2. That he is now unlawfully held in restraint of his liberty at said institution.

3. That he was charged in an information pursuant to the Juvenile Delinquency Act with a violation of Section 2312, Title 18 U.S.C.A., in that he transported in interstate commerce a stolen motor vehicle, knowing the same to have been stolen.

4. That at arraignment he entered, after being advised of his rights, being represented by competent counsel, a plea of *nolo contendere*.

5. That he was convicted of the charge and committed.

6. That the petitioner was not guilty of the offense charged for the reason the motor vehicle was not stolen, but had been rented upon a written contract, a deposit first having been made on the rental agreement.

7. That the motor vehicle was rightfully in defendant's possession and had not been obtained by theft, larceny, fraud, trick or other device.

8. That defendant at no time unlawfully, wilfully and knowingly transported from state to state a stolen motor vehicle.

9. That the proceedings and conviction are in violation of the due process provisions under the Fifth Amendment to the Constitution of the United States.

10. That at the time of the plea defendant was a minor laboring under mental fatigue and did not fully understand the charge made against him, or his rights or the consequences of his plea.

Thus, irrespective of the turn which the oral argument took before the District Court, there remained defendant's admission that he was confined as the result of his plea, made with the advice of competent counsel, to the charge of transporting a stolen motor vehicle in interstate commerce. True, his petition alleged that he was not guilty of the offense for the reason that the motor vehicle came into his possession by virtue of an agreement with a third party and that it was not, therefore, a stolen vehicle.

The remedy provided by Sec. 2255 carries its own limitations. It is applicable only to a prisoner claiming "the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack".

Rarely has a Federal statute been construed and applied by the courts with such unanimity as the one here involved, and unfortunately for the defendant they afford him no aid. Reference to a few of such cases will suffice. In United States v. Gallagher, 3 Cir., 183 F.2d 342, the court considered an identical question under a similar state of facts. There, as here, the defendant was confined by reason of his plea of guilty to a charge of transporting a motor vehicle in interstate commerce. In a proceeding under Sec. 2255, the defendant sought to show that he was not guilty because the motor vehicle in fact had not been stolen but had been obtained by false pretense. The court, in denying relief, stated, 183 F.2d at page 344: "Here the appellant, with the advice of counsel, pleaded guilty to the indictment. That plea constituted an admission of his guilt, a waiver of all nonjurisdictional defects and defenses, and admitted all the facts averred in the indictment. The appellant, therefore, could not be heard to challenge those facts in a habeas corpus proceeding. Nor can he do so upon a motion under Section 2255 to set aside the judgment of conviction."

This court, in United States v. Sturm, 7 Cir., 180 F.2d 413, had before it a case wherein the defendant sought the relief provided by Sec. 2255. In that case, again as here, the defendant's commitment was the result of a plea of guilty entered with the advice of counsel. Also, it was represented that the defendant entered his plea under a misapprehension of his rights and that he was not advised that certain evidence upon which the government relied was improperly seized and, therefore, could not be used against him. This court, in affirming the District Court which had denied relief, stated, 180 F.2d at page 416: "The conclusive answer to this is that defendant, when he signed waivers of indictment and venue, and at the time of his arraignment and plea of guilty, was represented by counsel of his own choice, presumably competent counsel, chargeable with knowledge of the rules of law of which the defendant now professes to have been ignorant. This circumstance, we think, compels us to reject the defendant's

contention that his plea was not made voluntarily and with knowledge of his legal rights."

In the recent case of Hilliard v. United States, 4 Cir., 185 F.2d 454, 455, the court, in holding that Sec. 2255 was without application, stated: "Defendant was represented by able and experienced trial lawyers, * * * and no ground is now urged for setting aside the judgment which could not have been urged at the trial. Under such circumstances the motion was properly denied. Motion under 28 U.S.C.A. § 2255 may not be used to retry a case."

To the same effect, see Hastings v. United States, 9 Cir., 184 F.2d 939, 940; Parker v. United States, 4 Cir., 184 F.2d 488, 490; Newman v. United States, D.C.Cir., 184 F. 2d 275, 276; Taylor v. United States, 4 Cir., 177 F.2d 194; Dennis v. United States, 4 Cir., 177 F.2d 195.

Defendant calls our attention to Ziebart v. United States, 5 Cir., 185 F.2d 124, and United States v. Von Willer, 7 Cir., 181 F. 2d 774, neither of which supports defendant's contention. The Ziebart case, however, gives emphasis to the kind of a situation wherein the statute was designed to afford a remedy. There, the defendant's petition alleged that his plea of guilty was entered on an agreement with the United States Attorney that his sentence would not exceed five years, but instead he was sentenced to seventeen years. The petition further alleged that he had no counsel, did not know that he was entitled to one and that in pleading guilty he did not do so intelligently. Thus, the question of an infringement of defendant's constitutional rights was presented, upon which the court held he was entitled to a hearing.

A reading of this court's opinion in the Von Willer case readily discloses that it has no bearing upon the question involved in the instant situation.

The futility of a reversal so as to permit the defendant to offer evidence is apparent. This is so even though it be assumed that he could prove that which he previously made no attempt to do, that is, that the motor vehicle was in his possession legally rather than as the result of a theft.

The order appealed from is

Affirmed.