### SMITH v. UNITED STATES.
#### No. 4639.

United States Court of Appeals
Tenth Circuit.
June 30, 1953.

Robert H. Kiley, Denver, Colo., for appellant.

Roger K. Allen, Asst. U. S. Atty., Stilwell, Okl. (Edwin Langley, U. S. Atty., Muskogee, Okl., on the brief), for appellee.

Before BRATTON, HUXMAN and PICKETT, Circuit Judges.

BRATTON, Circuit Judge.

The indictment in this case charged that appellant transported a stolen automobile from Amarillo, Texas, to Keota, Oklahoma, and that he knew it had been stolen by fraud. A plea of guilty was entered and appellant was sentenced to imprisonment for a period of five years to begin at the expiration of the sentence he was then serving in the state penitentiary of Oklahoma. The execution of the sentence was suspended and appellant was placed on probation for a period of five years. After being discharged from the penitentiary in Oklahoma and while serving his probationary period in this case, appellant pleaded guilty in a state court in Texas to a charge of forgery and was sentenced to imprisonment. Thereafter, the court below vacated its suspension of the sentence in this case and appellant was committed.

While confined under such judgment and sentence, appellant wrote a letter to the judge of the court in which he sought relief from the judgment and sentence on the ground that he had not violated the Dyer Act for the reason that he purchased the automobile by means of a check; that he obtained possession of the automobile in exchange for the check; and that although the check was worthless, the automobile was not a stolen car. The court directed that the letter be filed, and it was treated

as a motion under 28 U.S.C. § 2255 to vacate the judgment and sentence. On order of the court, appellant was produced at the hearing. He testified, and he consented that the court might make an investigation respecting the circumstances under which he obtained possession of the automobile. From the investigation it appeared to the court that the appellant gave the owner of the automobile a worthless check for part of the purchase price; that he and the owner then drove the automobile to the office of a finance company to make arrangements for financing the amount of the purchase price in excess of the amount of the check; that the owner went into the office of the finance company; and that while he was in the office, appellant drove the automobile away. The court denied the motion to vacate the judgment and sentence, and the appeal was from that action.

■■ Section 2255, supra, provides that a prisoner in custody under sentence of a court claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose the sentence, or that the sentence is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct it. The purpose of the statute was to provide that the attack upon a judgment which previously might have been made in a proceeding in habeas corpus should be made by motion filed in the criminal case, unless for some reason the remedy by motion is inadequate or ineffective to test the legality of the detention. United States v. Hayman, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Taylor v. United States, 4 Cir., 177 F.2d 194; Barnes v. Hunter, 10 Cir., 188 F.2d 86, certiorari denied, 342 U.S. 920, 72 S.Ct. 368, 96 L.Ed. 688; Kreuter v. United States, 10 Cir., 201 F.2d 33; Mills v. Hunter, 10 Cir., 204 F.2d 468. The statute does not enlarge the class of attacks which may be made upon a judgment of conviction in a criminal case. It merely provides that the attack must be made by motion in the court in which the sentence was imposed rather than in some other court through resort to habeas corpus, unless the remedy by motion is inadequate. Hurst v. United States, 10 Cir., 177 F.2d 894. The form of the attack is direct, but the scope is limited to matters which may be raised by collateral attack. Hahn v. United States, 10 Cir., 178 F.2d 11; Barnes v. Hunter, supra; Kreuter v. United States, supra.

■ Appellant presents the contention that the indictment failed to charge an offense under the law and therefore was subject to attack by motion to vacate and set aside the judgment and sentence. The statute under which the indictment was drawn, 18 U.S.C. § 2312, provides that whoever transports in interstate commerce a motor vehicle, knowing the same to have been stolen, shall be punished as therein specified. Where an indictment or information, though defective in form, undertakes to charge an offense under a federal statute of which the court has jurisdiction and the court acquires jurisdiction of the accused, the sufficiency of the indictment or information is not subject to collateral attack after plea of guilty or conviction either in a habeas corpus proceeding or by motion under section 2255, supra. Barnes v. Hunter, supra; Kreuter v. United States, supra. The indictment in this case charged an offense under the law. And the words "by fraud" appearing at the conclusion of the indictment did not render it fatally infirm in the sense that it showed on its face failure to charge an offense.

■ But appellant urges that the plea of guilty was tendered and accepted under the misconception on the part of appellant, the attorneys, and the court that the automobile was a stolen vehicle at the time of its transportation in interstate commerce; that obtaining an automobile by means of giving therefor a worthless check does not constitute the stealing of the vehicle; that possession of the automobile set forth in the indictment was obtained by the giving of a worthless check; that for such reason, it was not a stolen automobile at the time of its transportation in interstate commerce; and that therefore the indictment failed to charge an offense under section 2312, supra. The indictment charged all of

the facts essential to constitute an offense. By his plea of guilty, appellant admitted all of the facts well pleaded in the indictment. Godish v. United States, 10 Cir., 182 F.2d 342. And after entry of the plea of guilty and imposition of sentence, appellant cannot attack the judgment collaterally by motion drawn under section 2255, supra, on the ground that the automobile had not been stolen; and that it was not a stolen automobile at the time of its transportation in interstate commerce. United States v. Gallagher, 3 Cir., 183 F.2d 342, certiorari denied 340 U.S. 913, 71 S.Ct. 283, 95 L.Ed. 659; United States v. Buhler, 7 Cir., 186 F.2d 780.

Affirmed.