**UNITED STATES v. CAUFIELD.**

No. 10896.

United States Court of Appeals
Seventh Circuit.

Oct. 8, 1953.

Rehearing Denied Nov. 2, 1953.

Edward J. Caufield, in pro. per.

John B. Stoddart, Jr., U. S. Atty., Springfield, Ill., Marks Alexander, Robert G. Heckenkamp, Robert B. Oxtoby,

Asst. U. S. Attys., Springfield, Ill., for appellee.

Before DUFFY, LINDLEY and SWAIM, Circuit Judges.

DUFFY, Circuit Judge.

The defendant appeals from an order of the district court entered May 6, 1953, denying his motion under 28 U.S.C.A. § 2255 to vacate the sentence and judgment imposed upon him by that court on May 7, 1952, and under which he is presently confined. That section in part provides: "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." As the district court denied the defendant's motion without granting a hearing, and made no findings of fact and conclusions of law, the order was proper only if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief".

The defendant was charged in a complaint filed February 25, 1952, in the United States District Court for the Western District of Tennessee, Western Division, with a violation of 18 U.S.C. § 2314, prohibiting, among other things, the interstate transportation of a falsely made security. Arrested under the complaint at Peoria, Illinois, on the following April 7, the defendant appeared on the succeeding April 15 in the United States District Court for the Southern District of Illinois, Northern Division. At that time, as well as at all succeeding stages of the case, including imposition of sentence and judgment, he was represented by and had the assistance of counsel appointed by the district court to represent him.

Defendant was fully advised by the district judge of the proceedings against him pending in the United States District Court in Tennessee, that he had the right to waive indictment by a grand jury and consent to the filing of an information against him, and that he could so waive or not, as he chose. At the time the defendant personally stated in open court that it was his desire to waive indictment by a grand jury and to consent to the filing of an information against him, and thereafter he signed a written waiver of indictment and consent to proceedings against him by way of information. His counsel at the time stated in open court that the defendant was taking such action with his consent and approval.

On April 17, 1952, an information was filed against the defendant in the United States District Court for the Western District of Tennessee, Western Division, charging him with the interstate transportation of a falsely made security in violation of 18 U.S.C. § 2314. On April 23 the defendant signed and filed his consent, pursuant to Rule 20, Federal Rules of Criminal Procedure, 18 U.S.C., that the case against him be transferred for plea of guilty or *nolo contendere*, and sentence, from the United States District Court in Tennessee to the United States District Court in Illinois, which consent was duly approved by the respective United States Attorneys for each of such districts.

On April 28, 1952, certified copies of the information against defendant, of his waiver of indictment, and consent to transfer were filed in the United States District Court for the Southern District of Illinois, Northern Division. Hence, all subsequent proceedings in the case were in that court.

On May 7, 1952, the defendant was present, accompanied by his counsel, for arraignment before Judge Adair in the district court. He personally stated to the court that he had knowledge of the charge against him in the information, and that he had conferred with his counsel respecting it. Asked by the court as to what plea he was making to the information, the defendant responded, "Guilty, sir." The defendant further stated at the time that he had had the advice of his counsel in making his plea

of guilty. Thereupon the court invited and heard statements concerning the case and the defendant from both the United States Attorney and from defendant's counsel. The court then imposed a sentence of three years imprisonment upon the defendant, which he acknowledged to the court by stating, "Thank you, sir."

On May 6, 1953, the defendant filed his motion in the district court to vacate and set aside this sentence and judgment. In his motion he contends that the falsely made security referred to in the information did not move in interstate commerce, and that hence there was no violation of 18 U.S.C. § 2314. In other words he asserts that the admissions of fact in that connection made by his plea of guilty, and which he made with the advice of his counsel, were erroneous.

The defendant admitted by his plea of guilty matters of fact stated in the information in relevant part as follows: "On or about December 18, 1951, Edward J. Caufield, alias Percy C. Liggett, alias Eliziah Edwards, sometimes referred to as defendant, unlawfully transported in interstate commerce, with unlawful and fraudulent intent, from Memphis, Shelby County, Tennessee, * * * to New York, New York, a falsely made security, knowing said security to be falsely made, said falsely made security being in the following words and figures, to wit:" (Photostat copy of face and back of check in question inserted in information) "the said defendant well knowing at the time he transported said falsely made security in interstate commerce * * * at the time of said transportation in interstate commerce of said falsely made security * * * the false making of said check being done by said defendant with intent to defraud * * *."

■ Obviously, had the defendant stood trial on a plea of not guilty, he would have cast upon the government the burden of proving all issues, including the question of whether the check had moved in interstate commerce. How-

ever, with the advice of counsel he knowingly and voluntarily pleaded guilty, thus admitting the facts alleged in the information. United States v. Buhler, 7 Cir., 186 F.2d 780; United States v. Sturm, 7 Cir., 180 F.2d 413; United States v. Gallagher, 3 Cir., 183 F.2d 342; Smith v. United States, 10 Cir., 205 F.2d 768, 771. Hence defendant, by his plea of guilty admitted that the falsely made check described in the information had moved in interstate commerce.

On defendant's application this court permitted him to prosecute this appeal in *forma pauperis;* likewise the printing of the transcript of the record was waived. At the time of filing his brief in this court, defendant requested the appointment of counsel "to assist him in the perfection of his appeal now pending * * *." This request was not granted.

■■ In a number of cases previously heard in this court where prisoners appealed from a denial of their motion under Sec. 2255, we have appointed an attorney to represent the appellant. However, the requirement of the United States Constitution that a defendant in a criminal prosecution is entitled to have the assistance of counsel for his defense as a matter of right does not extend to a motion subsequently made under Sec. 2255. Crowe v. United States, 4 Cir., 175 F.2d 799, 801, certiorari denied, 338 U.S. 950, 70 S.Ct. 478, 94 L.Ed. 1341, rehearing denied, 339 U.S. 916, 70 S.Ct. 559, 94 L.Ed. 1341. Proceedings under Sec. 2255 are not a part of an original criminal action but are an independent and collateral inquiry into the validity of the conviction. United States v. Hayman, 342 U.S. 205, 222, 72 S.Ct. 263, 96 L.Ed. 232.

■ It was a matter of discretion whether this court should grant defendant's request for counsel, which was made after the appeal had been taken and simultaneously with the filing of his main brief. This case was submitted to us upon the briefs and without oral argument.

It was clear from the files and records of this case before the district court that the defendant was entitled to no relief, and the district court properly denied his motion without granting a hearing. The files, records and defendant's brief on appeal show that he is attempting to vacate his sentence by a collateral attack upon something he himself has admitted. United States v. Buhler, supra; United States v. Sturm, supra; United States v. Gallagher, supra; Smith v. United States, supra, and conclusively show he is entitled to no relief. Order affirmed.