**UNITED STATES of America**

v.

**Buford BALDWIN.**

**Crim. No. 6366.**

United States District Court,
S. D. Ohio, E. D.

Dec. 3, 1953.

**740**

Hugh K. Martin, U. S. Atty., Columbus, Ohio, for the United States.

Lawrence R. Curtis, Columbus, Ohio, for defendant.

UNDERWOOD, Chief Judge.

A motion was filed herein under the provisions of Title 28 U.S.C. § 2255 by Buford Baldwin. Petitioner contends that the sentence imposed on him by this court on March 31, 1953 was excessive.

Petitioner's motion was set down for hearing before this court on November 13, 1953. The Court did not require the production of the petitioner at the hearing. At the hearing the United States elected to stand on the record.

The Court being fully advised in all the premises, makes the following findings of fact and conclusions of law.

### Findings of Fact

1. Petitioner on March 31, 1953 pleaded guilty to an information charging him with having in his possession marihuana cigarettes without having paid the transfer tax thereon in violation of Title 26 U.S.C. § 2593(a).

2. Before sentence was pronounced, in response to a question by the Court, petitioner stated that he had been convicted on two prior occasions. The record does not disclose the nature of those convictions.

3. Title 26 U.S.C. § 2557(b) (1) establishes mandatory penalties for violation of Title 26 U.S.C. § 2593(a) and related sections. For a third offense a mandatory minimum sentence of ten years is imposed. For a first offense a maximum penalty of five years is established. Title 26 U.S.C. § 2557(b) (1) provides that if the offense is not a first offense, the United States Attorney shall file an information setting forth prior convictions. The offender shall have an opportunity in open court to affirm or deny that he is identical with the person previously convicted.

4. On April 9, 1953, nine days after petitioner was sentenced, the United States Attorney filed with the Court a written information setting forth prior convictions of petitioner for offenses punishable under Title 26 U.S.C. § 2557 (b) (1).

5. Petitioner did not have an opportunity in open court to affirm or deny that he is identical with the person named in the information filed April 9, 1953.

### Conclusions of Law

1. There was nothing in the record at the time sentence was imposed to disclose that petitioner herein had committed two prior offenses punishable under Title 26 U.S.C. § 2557(b) (1).

2. Under the circumstances of this case the sentence of ten years' imprisonment imposed on petitioner exceeded by five years the maximum sentence provided by law.