### UNITED STATES of America, Plaintiff,

v.

### Willie Lee KNIGHT, Defendant.

### Cr. No. 10696.

United States District Court
D. Hawaii.
Dec. 17, 1954.

Willie Lee Knight, pro. per.

McLAUGHLIN, District Judge.

On Jan. 22, 1953, Willie Lee Knight was sentenced by this Court to five years in prison for violating 26 U.S.C. § 2553 (a). He requested, and was granted a stay of mittimus for one day to take care of various business and personal effects. During this "day of grace" Knight committed two further violations of the law by attempting to dispose of an estimated $300,000 worth of narcotics by mailing same to San Francisco. This transaction was discovered by the Bureau of Narcotics. Knight was indicted on February 18, 1953, for violating 21 U.S.C.A. § 174 and 26 U.S.C. § 2553(a).

Being fully advised and having waived counsel, the record at the time of arraignment and plea on Feb. 20, 1953, shows the following with respect to the contentions made here by the defendant in this motion:

"The Court: You do not? Bear in mind as you say that, that it is possible, in fact it is more than possible, that if you stand convicted of these offenses, you will be, under the Boggs Act, a second offender. You know what that means? That means there is a certain mandatory minimum sentence, and no possibility of probation.

"The Defendant: Yes, your Honor.

"The Court: You understand that?

"The Defendant: Yes, sir.

"The Court: All right, and understanding this, you still stand by your decision that you do not wish to have an attorney?

"The Defendant: That is right, sir.

\* \* \* \* \* \*

"The Court: All right, then as to Count I of this indictment, what is your plea, guilty or not guilty?

"The Defendant: Guilty.

"The Court: To Count II, what is your plea, guilty or not guilty?

"The Defendant: Guilty.

"The Court: Very well. Let the pleas be recorded. On the basis of the pleas to Count I and Count II of this indictment, you are adjudged guilty. I have a recent pre-sentence report on you.

\*   \*   \*   \*   \*   \*

"Mr. Richardson: If your Honor please, our office has been informed that he is a second offender. Just to comply with the rule, we would like to make an announcement to the Court that he will be a second offender under the Boggs Act.

"The Court: All right. I hear you, and in relation to that, I will tell you, Mr. Defendant, that if you deny being the same Willie Knight who heretofore has been tried and convicted in this court of a narcotic offense, then the government has to do certain formal things to prove that fact. Do you deny being the same Willie Knight who has heretofore been convicted in this court?

"The Defendant: I admit that I am the same."

After being accorded a full opportunity to be heard prior to sentence, the defendant was thereafter, on the same day, sentenced to 10 years on each count, the sentences to run concurrently with each other but consecutively with the first sentence he was already serving.

■   Knight now moves the Court to correct the sentences pursuant to 28 U.S. C. § 2255. He alleges no written information was filed by the United States Attorney as required by 26 U.S.C. § 2557 (b)(1), the Boggs Act, and therefore the sentences given under this statute are illegal and excessive. He further alleges that an information cannot now be filed by the United States Attorney, as it would be a denial of due process, and that his sentence should be corrected to a five year term.[1]

This motion may be decided without requiring the production of the prisoner, as no issues of fact are presented, the only questions arising being of a legal nature. U. S. v. Hayman, 1952, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232; Barrett v. Hunter, 10 Cir., 1950, 180 F.2d 510, 20 A.L.R.2d 965, certiorari denied 1950, 340 U.S. 897, 71 S.Ct. 234, 95 L. Ed. 650; U. S. v. Sturm, 7 Cir., 1950, 180 F.2d 413; U. S. v. Fleenor, 7 Cir., 1949, 177 F.2d 482.

■   There was no written information filed by the United States Attorney as should have been done pursuant to statute. However, the information required by 26 U.S.C. § 2557(b)(1) is not of the usual technical legal type. Its function is not to charge the accused with a crime for which he will be prosecuted, the situation where the traditional information is used. In re Bonner, 1894, 151 U.S. 242, 257, 14 S.Ct. 323, 38 L.Ed. 149. Rather it is designed to inform the court with the seriousness of the defendant's repeated acts, to notify the defendant that he is exposed to heavy punishment, and to require the court to inflict a severe mandatory penalty if the defend-

---

1. The Boggs Act, 26 U.S.C. § 2557 (b) (1), provides:

"\*   \*   \*   After conviction, but prior to pronouncement of sentence, the court shall be advised by the United States attorney whether the conviction is the offender's first or a subsequent offense. If it is not a first offense, the United States attorney shall file an information setting forth the prior convictions. The offender shall have the opportunity in open court to affirm or deny that he is identical with the person previously convicted. If he denies the identity, sentence shall be postponed for such time as to permit a trial before a jury on the sole issue of the offender's identity with the person previously convicted. If the offender is found by the jury to be the person previously convicted, or if he acknowledges that he is such person, he shall be sentenced as prescribed in this paragraph."

**272**

ant is in fact a second offender. As stated in the legislative history of 26 U.S.C. § 2557(b)(1), U.S.Code Congressional and Administrative Service, 82nd Congress, First Session 1951, Vol. 2, p. 2602, "The purpose of the bill is to make more stringent and more uniform the penalties which would be imposed". Because of the severity of the mandatory sentences involved, procedural safeguards were devised to protect the accused. The defendant can have a jury trial to determine his identity as a second offender—not to determine if he is guilty of a distinct crime.

■ The information involved here is thus one that should be interpreted in the ordinary dictionary sense of the word: to simply inform the court and defendant of a fact to be taken into consideration for sentencing purposes. In the present case the defendant admits in his pleading that he is a second narcotics offender and factually within the confines of 26 U.S.C. § 2557(b)(1). The basis of his claim is that a technical defect voided part of his sentence.

■ "It is well established that a sentence which does not comply with the letter of the criminal statute which authorizes it is so erroneous that it may be set aside on appeal." Bozza v. U. S., 1947, 330 U.S. 160, 67 S.Ct. 645, 648, 91 L.Ed. 818 in a similar vein, Reynolds v. U. S., 1878, 98 U.S. 145, 168–169, 25 L.Ed. 244. The basis of these decisions is that a defendant would be injured if this were not done. Here, however, the letter of the law as to his sentence was followed; the technical defect occurred in a procedural matter prior to the actual sentencing.

■■ The defendant was not injured in any way by the omission of a written information. He admits being a second offender in the same court in the same district before the same judge, who found him guilty of his first offense just one month before his second conviction. The Boggs Act provision under consideration is in part designed to ·protect the narcotics defendant convicted whose name or alias is identical to the name of a like defendant convicted in the substantial past in a different district, or recently in the same but busy district before a different judge of a multiple judge court, or indeed before the same but excessively busy judge in a metropolitan area. Here the defendant knew, the government knew, and the judge knew to the point of absolute certainty, that the defendant was a second—indeed flagrant second offender.

■ The defendant cannot gain anything by having his prior sentence declared illegal. His allegation that he cannot be re-sentenced because of due process is not so. Bozza v. U. S., supra; In re Bonner, supra; White v. Hunter, D. C.D.Kan.1948, 76 F.Supp. 954; Wilson v. Bell, 6 Cir., 1943, 137 F.2d 716.

His complaint is analogous to complaints by those who were sentenced only to imprisonment under a statute that requires imprisonment and a fine. The objection raised that because of this technical defect the sentence was void has been consistently refused by the courts. Bartholomew v. U. S., 6 Cir., 1910, 177 F. 902, certiorari denied 217 U.S. 608, 30 S.Ct. 697, 54 L.Ed. 901; Cook v. U. S., 1 Cir., 1948, 171 F.2d 567; Jordon v. U. S., 4 Cir., 1932, 60 F.2d 4; Nancy v. U. S., 9 Cir., 1926, 16 F.2d 872. The reasoning in these cases is that the defendant was not harmed by the technical defect and that the "complaint in that regard is absurd." Bartholomew v. U. S., supra [177 F.2d 906]. This same theory is applicable here. The technical defect involved, when measured against the facts of the case, does not warrant the bringing of Knight once again before this Court for re-sentencing. As stated before, the defendant was not harmed in any way. All that would be gained by granting his petition is a week's Hawaiian vacation for him from Alcatraz at government expense.

Knight cites as authority favorable to his point of view Baldwin v. U. S., D.C. Ohio 1953, unreported and copy thereof not made available by defendant for this Court.[1] Even assuming the correctness

1. Now reported, see U. S. v. Baldwin, D.C., 128 F.Supp. 739.

of defendant's abstract of this decision, this Court is not in accord for the reasons above stated.

The law does not regard the passing of sentence as a game in which the public's rights must surrender to pure technicalities non-injurious to the defendant's rights.

Motion denied.