UNITED STATES of America,
Plaintiff-Appellee,

v.

Richard Hugh McGEE, Defendant-
Appellant.

Nos. 11891–11893.

United States Court of Appeals
Seventh Circuit.

March 29, 1957.

James E. Keating, South Bend, Ind., for appellant.

Phil McNagny, Jr., U. S. Atty., John E. Logue, Fort Wayne, Ind., Graham W. McGowan, Asst. U. S. Atty., South Bend, Ind., for appellee.

Before DUFFY, Chief Judge, and MAJOR and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

Defendant's three appeals have been consolidated for hearing and disposition. No. 11891 is an appeal from the sentence and judgment below; No. 11892 is an appeal from an order denying a motion pursuant to 28 U.S.C.A. § 2255 to vacate and set aside the sentence; and No. 11893 is an appeal from an order denying defendant's motion pursuant to Rule 32(d), Federal Rules of Criminal Procedure, 18 U.S.C.A., to withdraw his plea of guilty.

The defendant waived prosecution by indictment and was charged by way of information with having violated Section 660, 18 U.S.C.A., which provides that " * * * whoever, being an employee" of a common carrier "riding in or upon any * * * motortruck * * * or other vehicle of such common carrier moving in interstate commerce, embezzles, steals, abstracts, or willfully misapplies * * * any of the moneys * * * of such firm, association, or corporation arising or accruing from * * * such commerce * * * or willfully or knowingly converts the same to his own use * * * shall be fined not more than $5,000 or imprisoned not more than ten years, or both."

On March 26, 1956, defendant entered a plea of guilty to the information in question after having waived the right to the assistance of counsel. The information charged that the defendant, an employee of North American Van Lines, Inc., while operating a trailer be-

longing to said corporation, which trailer was transporting property in interstate commerce, "did embezzle, steal and willfully misapply and convert to his own use a certain sum of money * * * which sum belonged to the said North American Van Lines, Inc., and arose out of and accrued from such transportation"; and that "at all times mentioned herein the North American Van Lines, Inc., was a corporation engaged in interstate commerce as a common carrier."

On April 23, 1956, after a presentence investigation and report, sentence was withheld and defendant was placed on probation for a period not to exceed five years and ordered to make full restitution. Subsequently, on August 31, 1956, defendant was brought before the District Court for violation of his probation. Probation was terminated and defendant was sentenced to a term of ten years and fined in the amount of $5,000. When the defendant was placed on probation he was warned that this would be his punishment if he violated his probation.

No. 11891. This is an appeal from the sentence and judgment below in which defendant alleges that the information did not charge an offense against the United States. Before considering this contention, however, we are met with a threshold question of whether defendant's appeal is a direct or collateral attack on the sufficiency of the information. As noted above, on March 26, 1956, defendant entered his plea of guilty. On April 23, 1956, the District Court withheld sentence and placed defendant on probation and ordered him to make full restitution. Defendant did not appeal from this order within the ten day period prescribed by Rule 37(a) (2), Federal Rules of Criminal Procedure, 18 U.S.C.A., although it was appealable as a final judgment. Korematsu v. United States, 319 U.S. 432, 63 S.Ct. 1124, 87 L.Ed. 1497. However, defendant did appeal within ten days from the entry of the order terminating his probation and sentencing him to a term of ten years and fining him $5,000. The government contends this latter order was not a determination on the merits of the original criminal action and the only question that could arise on direct appeal from this order is whether the District Court abused its discretion in revoking probation and, consequently, that defendant's attack on the sufficiency of the information is collateral. We need not resolve this problem because we are of the opinion that under any standard the information clearly and adequately charged an offense against the United States.

Defendant insists the information is defective in that it does not allege that he was "riding in or upon" the vehicle of the carrier. The information alleges, however, that "while operating a trailer belonging to the said North American Van Lines, Inc., * * * [defendant] did embezzle * * *." (Emphasis added.) Unless defendant was operating the vehicle in question by remote control, he must necessarily have been in or upon it. Instead of charging the offense in the language of Section 660 the information sets forth the facts constituting the same. Defendant also insists the information is silent as to whether after he had taken the money he was riding in or upon the vehicle of the carrier, or that the vehicle was then transporting property in interstate or foreign commerce. The information alleges, however, that "while operating a trailer * * * which trailer was transporting property in interstate commerce [defendant] did embezzle * * *." (Emphasis added.) The information clearly avers that the vehicle of the carrier was transporting property in interstate commerce when the theft occurred; that defendant was operating the vehicle of the carrier when the theft occurred; that when the theft occurred defendant was operating the vehicle of the carrier which vehicle was then and there transporting property in interstate commerce. This is sufficient. See Shaver v. United States, 9 Cir., 174 F.2d 618.

Every essential averment is clearly and accurately set forth in the informa-

tion and nothing is left to implication, intendment or to conclusion. Defendant would have us disregard the plain meaning of the words used in the information—this, we may not do.

 No. 11892. On September 7, 1956, defendant filed a motion pursuant to Section 2255, 28 U.S.C.A., to vacate and set aside the sentence, alleging that: (1) the information did not charge an offense against the United States; (2) the District Court was without subject matter jurisdiction; and (3) he was denied due process of law. On September 19, 1956, after a hearing on the motion, the District Court filed a written opinion denying the motion. The sufficiency of the information has already been disposed of, so we shall now consider defendant's contention that the District Court did not have jurisdiction of the subject matter herein. The basis of this contention as advanced by defendant is that he was not a member of the class capable of committing the offense defined in Section 660 because he was an independent contractor, and not an employee of the carrier, North American Van Lines, Inc., and also because he had a proprietary interest in the funds taken. The evidence which defendant sought to introduce on these points was excluded on objection thereto by the government. If defendant was in fact an independent contractor there is authority that he did not commit the offense to which he has pleaded guilty. Schmokey v. United States, 10 Cir., 182 F.2d 937. However, by his plea of guilty defendant admitted all the facts averred in the information and the plea constituted a waiver of all nonjurisdictional defects and defenses. United States v. Buhler, 7 Cir., 186 F.2d 780; United States v. Gallagher, 3 Cir., 183 F.2d 342, certiorari denied 340 U.S. 913, 71 S.Ct. 283, 95 L.Ed. 659. Defendant does not and cannot dispute the fact that if he, as an "employee," had committed the act complained of, the District Court would have had jurisdiction of the matter. Here the defendant admitted by his plea of guilty that he was an employee of the carrier

and that the funds belonged to the carrier. Cf. United States v. Gallagher, D.C.W.D.Pa., 94 F.Supp. 640. The facts of employment and ownership of the funds having been admitted, they cannot be retried on a motion to vacate under Section 2255. In other words, defendant pleaded guilty to an information charging that he was such a person or a member of that class and that the funds taken belonged to the carrier, and he may not now controvert his employee status or the status of the funds as established by that plea. Russell v. United States, 4 Cir., 212 F.2d 87, certiorari denied 347 U.S. 1020, 74 S.Ct. 877, 98 L.Ed. 1141; United States v. Caufield, 7 Cir., 207 F.2d 278; Smith v. United States, 10 Cir., 205 F.2d 768; Thompson v. United States, 8 Cir., 200 F.2d 143; United States v. Buhler, supra; United States v. Gallagher, supra; Godish v. United States, 10 Cir., 182 F.2d 342. As was said in United States v. Gallagher, 183 F.2d at page 345:

"[Defendant] appears to think that even though he pleaded guilty to the charge against him the court was without jurisdiction to enter a judgment of conviction because, as he now asserts, he was not in fact guilty of the offense charged. But his plea of guilty was itself a conviction and the court had merely to give judgment and sentence thereon. This the court unquestionably had power to do. For even if the action of the court could be considered as a determination that the facts justified the conviction and this was erroneous, the error would not have been jurisdictional in the sense that it would have deprived the court of the power to hear and determine the case. * * * Moreover a wrong decision upon the merits does not constitute a denial of due process of law if the opportunity of a full hearing is afforded. Such a decision, therefore, does not involve a denial of constitutional rights which may be made the basis of a motion under Section 2255."

Consequently, the evidence which defendant sought to introduce at the hearing on his motion to vacate was properly excluded because it related to issues foreclosed by defendant's plea of guilty. To the extent that the decisions in United States v. O'Carter, D.C.S.D. Iowa, 91 F.Supp. 544; and Ex parte Atkinson, D.C.E.D.S.C., 84 F.Supp. 300, relied upon by defendant, permitted the defendants therein to retry the issue of guilt in a Section 2255 proceeding, they are contrary to the decided weight of authority.

█ Defendant next insists that he was denied due process of law in that he was not represented by counsel and did not understandingly plead guilty. The District Court advised defendant of his right to the assistance of counsel and informed him that the court would appoint counsel in the event he could not obtain counsel. The court subsequently asked defendant if he desired to be represented by counsel and defendant unequivocally answered, "No, sir." It appears that defendant was 33 years of age, had been in the Army where he received his high school diploma, and was a man of at least average intelligence. The record demonstrates, and the trial court so found, that defendant was thoroughly advised of his right to counsel and that he made an intelligent waiver thereof. Defendant insists, however, that his waiver of counsel and plea of guilty were not made voluntarily after proper advice and with full apprehension of the nature of the crime with which he was charged. Defendant's contention in this regard, stripped of its gloss, is simply that he did not know and was not advised of the "independent contractor" defense. But it is not the duty of the trial court judge to explain or enumerate for the accused the possible defenses he might raise to the charge against him. Michener v. United States, 8 Cir., 181 F.2d 911. The innumerable factual situations that might possibly afford an accused a defense to the crime charged reveals the absurdity of the assertion that to be valid the waiver of counsel or a plea of guilty may be accepted only after the trial judge had made known to the accused every conceivable defense that may be available or to determine from the accused that he has knowledge thereof. This would mean that a layman could not plead guilty unless he had the opinion of a lawyer on such questions of law as might arise if he did not admit his guilt. The plea of guilty here expressed defendant's belief that his act was proscribed by law, and that he could not successfully defend. Of course, a conviction based upon this plea presupposes a tacit disposition of the questions of law raised by the application of Section 660 to the particular facts of this case. But there is no reason why defendant's admission of guilt cannot be accepted without more, since there is nothing extraordinary about this case which precluded defendant from knowing whether or not he was guilty of the crime charged. Cf. Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309. Defendant does not deny that he wrongfully appropriated the funds, but complains that he could have successfully met the charge by proving that he was an independent contractor and had a proprietary interest in the money. This is not what the law contemplates by requiring that the accused is entitled to know the nature of the crime with which he is charged.

The question is not whether the trial judge adhered to any particular ritual or any delusively simple rules of procedure that must be mechanically followed, but, rather, the question in each case is whether the accused was competent to exercise an intelligent, informed judgment. United States v. Davis, 7 Cir., 212 F.2d 264. The record herein amply demonstrates that defendant knowingly and understandingly waived the right to the assistance of counsel and that the plea of guilty was made voluntarily with understanding of the nature of the charge.

█ No. 11893. On September 28, 1956, defendant filed a motion pursuant to Rule 32(d), Federal Rules of Criminal Procedure, 18 U.S.C.A., to with-

draw his plea of guilty, alleging that: (1) he was not guilty of committing any federal offense; (2) he was not represented by counsel nor advised of the nature of the crime with which he was charged; and (3) he was urged to plead guilty upon the assurance of a Mr. Marsh, counsel for North American Van Lines, that representatives of North American would obtain probation for him. Rule 32(d) provides that a defendant may withdraw his plea of guilty only before sentence is imposed or imposition of sentence is suspended, but that *to correct manifest injustice* the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea. On October 2, 1956, a hearing was held on this motion and on the same date the motion was denied. Defendant again sought to introduce evidence tending to show that he was an independent contractor and had a proprietary interest in the funds taken but, on objection thereto by the government, this evidence was excluded. Defendant misconceives the purpose and function of a motion under Rule 32(d). The issue of his guilt or innocence is not involved in an application for leave to withdraw his plea of guilty. Kercheval v. United States, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed. 1009; Friedman v. United States, 8 Cir., 200 F.2d 690, certiorari denied 345 U.S. 926, 73 S.Ct. 784, 97 L.Ed. 1357; Collins v. United States, 8 Cir., 211 F.2d 789. Thus, the evidence was properly excluded because it related to issues foreclosed by defendant's plea of guilty and resulting conviction. The issue that such a motion presents is whether the plea was voluntarily, intentionally and understandingly entered, or whether it was attributable to ignorance, fear or inadvertence.

The second allegation, that defendant was not represented by counsel and did not voluntarily enter his plea of guilty with an understanding of the charge, is refuted by the record and has already been disposed of.

Finally, defendant insists that he was urged to plead guilty upon the assurance of Mr. Marsh, counsel for North American Van Lines, that its representatives would obtain probation for him. Defendant claims that Mr. Marsh told him, "That with a plea of guilty, I would be given probation." And defendant attempts to draw an analogy between this statement and the advice given by an agent of the F. B. I. to the defendant in Von Moltke v. Gillies, 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309. There is no claim that what Mr. Marsh said was erroneous or misleading. In addition, defendant has admitted that he knew this statement was not binding on the court, and he unequivocally told the court at the arraignment that no promises of any kind had been made to him. Although we are hesitant to indulge in nice calculations as to the amount of prejudice or deception such a statement might effect, it is obviously not promissory in character and defendant knew it was not binding on the court. Consequently, defendant's conclusion that he was improperly induced to plead guilty is unwarranted and without support in the record.

A motion for withdrawal of a plea is not allowed as a matter of right, and a defendant seeking to withdraw his plea has the burden of showing that he is entitled to relief. Stidham v. United States, 8 Cir., 170 F.2d 294. Further, the granting or the denial of the motion is a matter of discretion with the trial court and upon review the only question is whether the trial court abused that discretion. United States v. Swaggerty, 7 Cir., 218 F.2d 875, certiorari denied 349 U.S. 959, 75 S.Ct. 889, 99 L. Ed. 1282; Stidham v. United States, supra. We conclude on the record before us that the District Court did not abuse its discretion in denying defendant's motion for leave to withdraw his plea of guilty.

For the reasons set forth above, the judgment and orders appealed from are affirmed.