James E. Muloahy, J.
This is a motion for a writ of error coram nobis made by the defendant to vacate a judgment of conviction based on his voluntary plea of guilty on April 4, 1961, while represented by counsel, to the charge of an attempt to commit the crime of feloniously possessing a narcotic drug. The defendant was sentenced to State prison for a term of from two and one-half to five years on May 4, 1961.
The defendant now asserts that he was a victim of an illegal search and seizure by a police officer without a warrant and that the evidence obtained thereby was in violation of his constitutional rights, and he cites Mapp v. Ohio (367 U. S. 643) as governing his contention.
Prior to the Mapp decision the courts have held that a conviction by plea of guilty, while represented by counsel, is deemed to constitute an admission of guilt and, upon complaint of illegal search and seizure, is a bar to relief as sought by this defendant. (United States v. Sturm, 180 F. 2d 413, cert. denied *229 339 U. S. 986; United States v. Salzano, 241 F. 2d 849; People v. Anderson, 8 A D 2d 731; Frank, Coram Nobis [and 1960 Supp.], p. 96, n. 30-32.)
In Mapp v. Ohio (supra) the decision turned upon the introduction of evidence illegally seized resulting in a conviction. Nothing in that case has been interpreted as having any application to a plea of guilty, and imposition of sentence prior to June 19, 1961. The law concerning a withdrawal of a plea of guilty remains unchanged.
The Court of Appeals has stated that the Mapp decision will be applied to all pending appeals; i.e., pending as of the decision on June 19,1961. (People v. Loria, 10 N Y 2d 368.)
The Mapp decision does not operate retrospectively to include circumstances, as herein complained of by the defendant, wherein a plea confessing guilt has been entered upon the record, with a sentence imposed and commenced prior to the Mapp decision.
The remaining allegations set forth no grounds for coram nobis relief. Motion denied.