Francis J. **HILDERBRAND**, Appellant,

v.

J. C. **TAYLOR**, Warden, United States Penitentiary, Leavenworth, Kansas, Appellee.

No. 7492.

United States Court of Appeals
Tenth Circuit.

Jan. 31, 1964.

Thomas A. Henry, Jr., Denver, Colo., for appellant.

Benjamin E. Franklin, Asst. U. S. Atty., Topeka, Kan. (Newell A. George,

U. S. Atty., Topeka, Kan., with him on the brief), for appellee.

Before PICKETT, LEWIS and SETH, Circuit Judges.

PICKETT, Circuit Judge.

The appellant, Hilderbrand, an Indian, was indicted in the United States District Court for the Western District of Washington, on a charge of murder of an Indian within an Indian reservation. He is now serving a 15 year sentence in the Federal Penitentiary at Leavenworth, Kansas, entered on a plea of guilty to second degree murder.[1] This habeas corpus proceeding is one of a series of actions which he has brought to secure his release, contending that the court was without jurisdiction and therefore the judgment and sentence is void and he is illegally held. The proper remedy in this case is by proceeding under 28 U.S.C. § 2255. Smith v. United States, 10 Cir., 205 F.2d 768. We are therefore treating it as such, since the petition was filed in the sentencing court. This is an appeal from an order dismissing the motion.

The motion alleges that the crime charged was committed within the boundaries of an Indian reservation on a tract of land which had been conveyed previously to a Catholic Church. The district court apparently assumed that the crime was committed on the church property, but the record does not disclose this to be a fact or that the court was without jurisdiction. Cf. Tooisgah v. United States, 10 Cir., 186 F.2d 93. The argument is that this tract of land was not Indian country within the meaning of 18 U.S.C. § 1151, and for this reason the federal court was without jurisdiction over the crime. This court held otherwise in one of the former proceedings prosecuted by Hilderbrand. United States v. Hilderbrand, D.C.Kan., 190 F.Supp. 283, aff'd Hilderbrand v.

United States, 10 Cir., 287 F.2d 886, cert. denied 366 U.S. 932, 81 S.Ct. 1655, 6 L.Ed.2d 391, reh. denied 368 U.S. 872, 82 S.Ct. 65, 7 L.Ed.2d 73.

18 U.S.C. § 1151 defines Indian country as "all land within the limits of any Indian reservation under the jurisdiction of the United States government, notwithstanding the issuance of any patent * * *." It is urged that Congress does not have the constitutional power to define privately owned lands as Indian country. However, it has always been recognized that Congress has the exclusive power to deal with Indians and Indian affairs on reservations set apart for them. 27 Am.Jur. Indians, § 42; Williams v. Lee, 358 U.S. 217, 79 S.Ct. 269, 3 L.Ed.2d 251. The purpose of section 1151 is to remove the uncertainty of federal jurisdiction over crimes committed by or against Indians within the exterior boundaries of an Indian reservation. In discussing the applicability of section 1151 to crimes committed on patented lands within the boundaries of an Indian reservation, the Supreme Court, in Seymour v. Superintendent, 368 U.S. 351, 357–358, 82 S.Ct. 424, 428, 7 L.Ed.2d 346, said:

"Counsel for the State of Washington present two alternative contentions which, if sound, would sustain the jurisdiction of the State over the land here in question even if the Act of 1906 did not completely dissolve the reservation in the manner held by the Washington courts. The first of these rests upon the assertion that the particular parcel of land upon which this burglary was committed is held under a patent in fee by a non-Indian. The contention is that, even though the reservation was not dissolved completely by the Act permitting non-Indian settlers to come upon it, its limits would be diminished by the actual purchase of land within it by

---

1. Hilderbrand waived trial in the District of Washington, and consented to the transfer of this indictment to the District of Kansas (where he was being held by the

United States Marshal), for the entry of a plea of guilty, as authorized by Rule 20, Fed.R.Crim.Proc. See Hilderbrand v. United States, 10 Cir., 304 F.2d 716.

non-Indians because land owned in fee by non-Indians cannot be said to be reserved for Indians. This contention is not entirely implausible on its face and, indeed, at one time had the support of distinguished commentators on Indian Law. But the issue has since been squarely put to rest by congressional enactment of the currently prevailing definition of Indian country in § 1151 to include 'all land within the limits of any Indian reservation under the jurisdiction of the United States Government, notwithstanding the issuance of any patent. * * *'

"The State urges that we interpret the words 'notwithstanding the issuance of any patent' to mean only notwithstanding the issuance of any patent to an Indian. But the State does not suggest, nor can we find, any adequate justification for such an interpretation. Quite the contrary, it seems to us that the strongest argument against the exclusion of patented lands from an Indian reservation applies with equal force to patents issued to non-Indians and Indians alike. For that argument rests upon the fact that where the existence or nonexistence of an Indian reservation, and therefore the existence or nonexistence of federal jurisdiction, depends upon the ownership of particular parcels of land, law enforcement officers operating in the area will find it necessary to search tract books in order to determine whether criminal jurisdiction over each particular offense, even though committed within the reservation, is in the State or Federal Government. Such an impractical pattern of checkerboard jurisdiction was avoided by the plain language of § 1151 and we see no justification for adopting an unwarranted construction of that language where the result would be merely to recreate confusion Congress specifically sought to avoid." (footnotes omitted.)

See also United States v. Celestine, 215 U.S. 278, 30 S.Ct. 93, 54 L.Ed. 195; Hilderbrand v. United States, D.C., 190 F.Supp. 283, 10 Cir., 287 F.2d 886; Williams v. United States, 9 Cir., 215 F.2d 1, cert. denied 348 U.S. 938, 75 S. Ct. 358, 99 L.Ed. 735. These decisions recognize the power of Congress to fix the jurisdiction of federal courts over crimes by or against Indians even though committed on patented land within an Indian reservation. We have no doubt as to the constitutionality of the statute.

Affirmed.