Harry **LA FEVER**, Petitioner-Appellant,

v.

**UNITED STATES of America,**
Respondent-Appellee.

No. 12119.

United States Court of Appeals
Seventh Circuit.

June 23, 1958.

Rehearing Denied Sept. 4, 1958.

Herbert B. Olfson, Chicago, Ill., for appellant.

Don A. Tabbert, U. S. Atty., James L. Miller, Asst. U. S. Atty., Indianapolis, Ind., Jack C. Brown, U. S. Atty., Indianapolis, Ind., for appellee.

Before DUFFY, Chief Judge, and FINNEGAN and HASTINGS, Circuit Judges.

FINNEGAN, Circuit Judge.

The action of the district court, July 31, 1957, denying petitioner-appellant's motion under 28 U.S.C. § 2255, to vacate and set aside the alleged illegal judgment of conviction and sentence is here on appeal. There were four specific counts in two separate indictments, returned December 14, 1955, charging petitioner-appellant with violating 18 U.S.C. § 2314 by aiding, abetting, counseling, commanding and procuring certain named individuals to transport in interstate commerce, from the State of Indiana to the State of Ohio, certain falsely made, forged, altered, and counterfeited checks, each payable to one Howard Wheeler. Each check was drawn against the Cleveland Trust Company Terminal Office, Cleveland, Ohio, account of the New York, Chicago and St. Louis Railroad Company. The same district judge who sentenced petitioner on his (LaFever's) plea of guilty to these counts sustained respondent Government's motion to dismiss appellant's § 2255 petition without a hearing, and this appeal followed.

■ Section 2255, provides in part relevant, here: "*Unless* the motion and the files and records of the case *conclusively* show that prisoner is entitled to no relief, the court shall cause notice thereof to be served upon the United States attorney, grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Of course, a plea

of guilty, while admitting all non-jurisdictional facts contained in the indictment cannot be taken as an admission or waiver of jurisdictional facts. Martyn v. United States, 8 Cir., 1949, 176 F.2d 609.

In his *pro se* pleadings below petitioner alleged, in substance, that, at common law "there is no 'forgery' where an individual presents himself to a person cashing a check as 'John Doe,' and proceeds to cash the instrument signing a 'John Doe' name . . . . (petitioner) and "his co-defendants did sign 'John Doe' names, such names being an alias and not purporting to represent any person other than that [sic] the co-defendants and the movant himself, it is urged that no crime of 'forgery' existed * * * that in the presence of each person who cashed one of the aforementioned checks, the co-defendants represented ther [sic] selves to be the 'John Doe,' and so signed. the very presence of the persons aforementioned, thus the original and the counter-signature on each check did in no way purport to be the signature of any persons other than the movant and his co defendants who was in effect 'John Doe.' "

■ Bearing in mind, petitioner as a layman is trying to explain that he signed a fictitious name to the checks in question and when they were cashed, he, the petitioner represented himself as the person whose signature appeared on the checks and did not represent that the signatures were of anyone other than himself, it is apparent the attack goes to the jurisdiction of the trial court to entertain a plea of guilty under 18 U.S.C. § 2314. See e. g. Greathouse v. United States, 4 Cir., 1948, 170 F.2d 512; United States v. Greever, D.C.1953, 116 F. Supp. 755. But whether forgery was the offense need not, cannot now be decided on this record without findings of fact and conclusions of law entered below. Indeed the question whether petitioner was entitled to a hearing, by force of § 2255 is the critical issue before us. If § 2255 procedure is to be adequate and effective in this case the order of dismissal must be set aside and the cause remanded for hearing. United States v. Hayman, 1952, 342 U.S. 205, 72 S.Ct. 263, 96 L.Ed. 232.

Court appointed counsel Herbert B. Olfson, merits the Court's acknowledgment for the professional services he rendered the petitioner without compensation.

The order appealed is reversed and the cause is remanded for a hearing under and pursuant to 28 U.S.C. § 2255.

Reversed and remanded with directions.