David H. RODDY, Plaintiff-Appellant,

v.

UNITED STATES of America, Defendant-Appellee.

No. 12326.

United States Court of Appeals Seventh Circuit.

Dec. 15, 1958.

Certiorari Denied March 23, 1959.

See 79 S.Ct. 734.

David H. Roddy, pro se.

C. M. Raemer, U. S. Atty., Robert D. McKnelly, Asst. U. S. Atty., Danville, Ill., for appellee.

Before FINNEGAN and SCHNACKENBERG, Circuit Judges, WHAM, District Judge.

FINNEGAN, Circuit Judge.

The District Judge who denied Roddy's motion for relief under 28 U.S.C. § 2255 entered a memorandum and order from which the defendant appealed. That same Judge originally appointed defense counsel for Roddy on July 5, 1956, and when Roddy and his attorney came before that Judge on August 3, 1956, defendant waived [1] reading of the indictment,[2] and entered a plea of not guilty. Later, August 21, 1956, when Roddy became dissatisfied with his counsel the same District Judge appointed an additional member of the bar to represent Roddy, and on the next day this defendant changed his plea to guilty, and when warning Roddy the Judge said, *inter alia:* "Now, understanding the charge against you—you understand the charge, what you are charged with, transporting a forged check across a State line you persist in entering a plea of guilty? Is that correct? Defendant: [Roddy] Yes Sir."[3]

1. The Transcript of Proceedings for August 3, 1956 show:

"The Court: Do you wish the indictment read in open court?

"Defendant: No, sir. I don't suppose so.

"The Court: Do you know what this contains, what the charge is against you?

"Defendant: Yes, sir. I have read it.

"The Court: And you wish to waive the reading of the indictment? Is that right?

"Defendant: Yes, sir.

"The Court: What plea do you wish to enter?

"Mr. McLaughlin: Not guilty." (T. R. 4)

2. "Count I. That David H. Roddy, hereinafter called the defendant, on or about March 14, A.D.1953, at Rantoul, in the County of Champaign, in the Eastern District of Illinois, violated the provisions of Section 2314, Title 18, United States Code, in that said defendant did then an there unlawfully and with fraudulent intent, transport in interstate commerce from, to-wit: Rantoul, in the County of Champaign, in the Eastern District of Illinois, to, to-wit: Odessa, in the State of Texas, a certain falsely made and forged security, to-wit: a certain check drawn on the First State Bank, Odessa, Texas, payable to J. D. Bowles, the drawer being Edna K. Bowles, in the sum of $25.00, dated March 9, 1953, the said defendant when so transporting said security in interstate commerce, as aforesaid, well knowing said security to have been falsely made and forged."

3. "The Court: All right. Enter his plea of guilty. Did you have something to say?

"Mr. Lambright: [Defense counsel] Yes, your Honor. I would like at this time to make a motion for probation on behalf of Mr. Roddy.

This thirty-seven year old defendant, who had started college before he went into military service, was then given a suspended sentence and placed on probation by the same District Judge, who subsequently vacated Roddy's probation and imposed a three year sentence on November 8, 1957, at which time and place defendant was again represented by the same attorney who previously appeared for Roddy when defendant entered his plea of guilty.

Despite his guilty plea, two lawyers and the same Judge throughout the proceedings, relevant here, Roddy claimed for the first time in March, 1958 through his § 2255 petition: "The records of the case conclusively show that your petitioner * * * was at the time of cashing the said check, residing at Rantoul, in the State of Illinois, and employed there, under the name of J. D. Bowles; and that the said check for $25.00 was made by a person known as Edna K. Bowles, within the State of Illinois, and cashed by your petitioner at the same time, within the State of Illinois, without ever at any time having been transported interstate. The records disclose that your petitioner definitely did not at any time transport the said check from Rantoul, Illinois, to Odessa, Texas as the indictment alleges, and consequently, your petitioner could not have, and did not violate the provisions of Section 2314, of Title 18 U.S.C.A. * * *"

Even though the defendant is untrained as a lawyer we must recognize the critical omission from his petition concerning the allegation found in the indictment that the check in question was "drawn on the First State Bank, Odessa, Texas." Roddy both by his plea and petition leaves this fact admitted and undenied. This check would be sent to the drawee bank in Odessa, Texas for collection. See Pereira v. United States, 1954, 347 U.S. 1, 9, 74 S.Ct. 358, 98 L.Ed. 435 and also United States v. Sheridan, 1946, 329 U.S. 379, 67 S.Ct. 332, 91 L.Ed. 359. Since Roddy, by his plea, admitted having forged and altered the check on an out-of-state Bank, he must have intended that it be sent across state lines for collection. Our recent decision, La-Fever v. United States, 7 Cir., 1958, 257 F.2d 271, relied on by Roddy is factually and in legal principle, unlike this current problem.

Other points raised by defendant are wanting in merit, and we are satisfied the District Judge was right by refusing relief under § 2255.

Judgment affirmed.

"The Court: On what ground?

"Mr. Lambright: On the grounds—I would like to point out the circumstances of the case to the Court, that he is charged with transporting a $25.-00 check across State lines.

"This offense took place in either 1952 or 1953. He was indicted in 1953, and I believe the offense took place in 1952. Since that time he's—he was in a series of bad acts at that time. He served about two years and he is on parole from the State of Kansas for the term of eighteen years. This criminal act took place before the act that caused his incarceration in the State of Kansas. * * *" (T. R. 11)