Harry **LAFEVER**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

No. IP 57–C–159.

United States District Court
S. D. Indiana,
Indianapolis Division.

March 26, 1959.

William C. Erbecker, Indianapolis, Ind., for petitioner.

James L. Miller, Asst. U. S. Atty., Indianapolis, Ind., for the Government.

554

STECKLER, Chief Judge.

On remand and pursuant to mandate from the United States Court of Appeals for the Seventh Circuit, this cause came on for hearing on January 12, 1959, upon the petitioner's application for motion to vacate sentence under and pursuant to Title 28 U.S.C. § 2255. Here involved are four specific counts in two indictments returned on September 14, 1955, charging petitioner with violating 18 U.S.C. § 2314(2) by aiding, abetting, counseling, commanding, inducing, and procuring certain named individuals to transport in interstate commerce from the State of Indiana to the State of Ohio, certain falsely made, forged, altered, and counterfeited checks, each payable to one Howard Wheeler. Each check was drawn against the Cleveland Trust Company, Terminal Office, Cleveland, Ohio, account of the New York, Chicago and St. Louis Railroad Company.

In the petitioner's pro se pleadings before this court, he alleged in substance that at common law "there is no 'forgery' where an individual presents himself to a person cashing a check as 'John Doe', and proceeds to cash the instrument signing a 'John Doe' name * * * (petitioner) and his co-defendants did sign 'John Doe' names, such names being an alias and not purporting to represent any person other than that (sic) the co-defendants and the movant himself, it is urged that no crime of 'forgery' existed * * * that in the presence of each person who cashed one of the aforementioned checks, the co-defendants represented ther (sic) selves to be the 'John Doe,' and so signed, the very presence of the persons aforementioned, thus the original and the counter-signature on each check did in no way purport to be the signature of any persons other than the movant and his co-defendants who was in effect 'John Doe.' "

Thus in essence, the petitioner now claims that no federal offense was committed and that therefore the court was without jurisdiction to impose sentence.

On March 2, 1956, upon a plea of guilty to each of the four counts here involved, the court imposed sentence. On July 31, 1957, this court sustained the Government's motion to dismiss the petitioner's petition under § 2255 without a hearing.

On June 23, 1958, the United States Court of Appeals for the Seventh Circuit reversed and remanded the case with directions. Lafever v. United States, 7 Cir., 257 F.2d 271. Pursuant to the mandate, this hearing was held. On February 20, 1959, the United States Court of Appeals for the Seventh Circuit, in the case of United States v. Hoyland, 264 F.2d 346, in affirming the action of the United States District Court for the Northern District of Illinois, Eastern Division, wherein the District Court after plea of guilty denied Hoyland's motion to vacate judgment under Section 2255 on the ground, among others, that the trial court erred in denying defendant's request to adduce evidence which it was claimed would show an absence of jurisdictional facts alleged in the indictment, had this to say with respect to the decision in Lafever v. United States, supra:

"We think it must be conceded that the case supports defendant's contention, at least to the extent that he was entitled to a hearing on the issue thus raised. After a careful review of the cases, as well as the logic of the situation, we reach the definite conclusion that the LaFever case was erroneously decided. The order before the court in that case should have been affirmed, not reversed. Such being our conclusion, it becomes our distasteful duty to overrule that decision, and this we do.

"We refer particularly to two decisions of this court (both prior to La Fever) which support a contrary and we think correct rule. United States v. Caufield, [7 Cir.], 207 F. 2d 278, and Klein v. United States, [7 Cir.], 204 F.2d 513."

█ Even in view of the appellate court's holding in United States v. Hoyland, supra, and its action in overruling

in that case its prior ruling in the La-fever case, it is incumbent that this court make findings of fact and conclusions of law upon the hearing granted petitioner in order to comply with the mandate of the appellate court. Upon the hearing held in this proceedings and upon the motion, files and records in this case, the court now makes the following findings of fact and conclusions of law:

### Findings of Fact

1. The petitioner testified at great length in support of his petition. His testimony covered a wide area. When viewed in the light of authorities which prevailed in this circuit prior to the decision in Lafever v. United States, supra, much of the testimony given at this hearing over objection by the United States, clearly was inadmissible. Nevertheless, by virtue of the appellate court's opinion in that case, this court was most liberal in its rulings on the admissibility of evidence. At the time of the hearing this court did not have the benefit of the decision in United States v. Hoyland, supra.

2. The counts here involved are contained in two separate indictments. In Cause No. IP 55-CR-107, Count II is involved, and in Cause No. IP 55-CR-108, Counts I, II and III are involved. Each of the four counts charged a defendant, other than petitioner, with the violation of Title 18 U.S.C. § 2314. Each count is couched in the same general language, save, with minor exceptions, as to names, dates and the amount of the checks. Each count of the indictment properly charges the defendant with the aiding and abetting offense under Title 18 U.S.C. § 2314(2). As an example, Count II in Cause No. IP 55-CR-107 reads as follows:

### Count II

The Grand Jury further charges:

On or about October 1, 1955, the defendant, Sue Carol Bell, with unlawful and fraudulent intent, caused to be transported in interstate commerce from Kokomo, State of Indiana, in the Indianapolis Division of the Southern District of Indiana, to Cleveland, State of Ohio, a falsely made, forged, altered, and counterfeited security, to wit: a check numbered NK 793, dated September 27, 1955, payable to Howard Wheeler, in the amount of $87.30, bearing the signature of J. B. Carter, as cashier accountant of the New York, Chicago and St. Louis Railroad Company, and drawn against the account of the New York, Chicago and St. Louis Railroad Company, which said account is with the Cleveland Trust Company, Terminal Office, Cleveland, Ohio, which said check was falsely made, forged, altered, and counterfeited, as the said defendant, Sue Carol Bell, then and there well knew.

That Harry LaFever did aid, abet, counsel, command, induce, and procure the commission of said offense by said Sue Carol Bell.

At the hearing petitioner was represented by his privately engaged counsel who also represented the defendant at the time his pleas of guilty were entered and sentence was imposed. Neither the petitioner nor his privately employed counsel introduced any evidence, nor did either of them make any attempt in this hearing to show the court wherein Count II in Cause No. IP 55-CR-107 and Counts I, II and III in Cause No. IP 55-CR-108 were defective from the standpoint of properly charging an offense under 18 U.S.C. § 2314(2).

3. None of the counts contain any jurisdictional defects or omissions. Each of the defendants named in the respective counts, including the petitioner, voluntarily entered pleas of guilty to the charges in the counts wherein they were named defendant, after being fully advised as to the nature of the charges, their constitutional and legal rights, and the consequences of a plea of guilty. As a matter of fact, petitioner first entered pleas of not guilty to each of the counts, and subsequently, upon motion first being made to withdraw his pleas of not guilty, entered his plea of guilty to each of the counts.

4. In all proceedings in this court, save and except in respect to the prep-

aration of the petitioner's petition under Title 28 U.S.C. § 2255, petitioner was represented by privately employed counsel.

5. Each of the checks described in the respective counts were completely blank at the time they came into the possession of the petitioner. From the testimony of the representative of the New York, Chicago and St. Louis Railroad Company, it may reasonably be inferred that the blank checks were stolen from a freight station of that company at Castleton, Indiana.

6. The petitioner inserted every name, including the name of Howard Wheeler, as payee on the face of each of the checks described in Count II in Cause No. IP 55–CR–107, and Counts I, II and III in Cause No. IP 55–CR–108. Each name so inserted as payee was the name of a fictitious person.

7. The names of the purported officials of the railroad company drawing the checks likewise were inserted on the face of the checks by the petitioner Lafever. Such names were fictitious. With respect to Count II in Cause No. IP 55–CR–107, and Counts I and II in Cause No. IP 55–CR–108, petitioner Lafever also endorsed on the back of the checks the name of the payee appearing on the face thereof. This was not done in the presence of the persons who subsequently cashed the checks for the individuals named in the substantive charge in each of such counts. In fact, the endorsements were signed by the petitioner himself out of the presence of the persons who cashed the checks for his accomplices in the business establishments where the checks were passed.

8. Petitioner gave an automobile driver's license made out to one Howard Wheeler, a fictitious person, to the defendants charged in the indictments with the violation of Title 18 U.S.C. § 2314, namely, Sue Carol Bell, Count II, Cause No. IP 55–CR–107; Helen Chambers, Count I, and Doris Traylor, Count II, Cause No. IP 55–CR–108. This was done prior to and for the purpose of aiding and assisting said defendants in cashing the checks described in said indictments.

9. To facilitate the cashing of the checks referred to in Count II, Cause No. IP 55–CR–107, and Counts I and II, Cause No. IP 55–CR–108, the petitioner transported Sue Carol Bell, Helen Chambers and Doris Traylor, respectively, to the places where the checks described in said counts were cashed.

10. Count III of the indictment in Cause No. IP 55–CR–108 reads as follows:

### Count III

The Grand Jury further charges:

On or about October 1, 1955, the defendant Lester Wampler Simon, alias Earl Simon, with unlawful and fraudulent intent, caused to be transported in interstate commerce, from Indianapolis, State of Indiana, in the Indianapolis Division of the Southern District of Indiana, to Cleveland, State of Ohio, a falsely made, forged, altered, and counterfeited security, to wit: a check numbered NK 534, dated September 27, 1955, payable to Howard Wheeler, in the amount of $87.90, bearing the signature of James Carter—Cashier Accountant, and drawn against the account of the New York, Chicago and St. Louis Railroad Company, which said account is with the Cleveland Trust Company, Terminal Office, Cleveland, Ohio, which said check was falsely made, forged, altered, and counterfeited, as the said defendant, Lester Wampler Simon, alias Earl Simon, then and there well knew.

That Harry LaFever did aid, abet, counsel, command, induce, and procure the commission of said offense by said Lester Wampler Simon, alias Earl Simon.

While the indictment does not allege what, if any, endorsements appear on the back of said check, the evidence likewise adduced at the hearing is not clear on this point. Lester Wampler Simon, alias Earl Simon, was not returned from California for this hearing.

11. As heretofore indicated, said Lester Wampler Simon, alias Earl Simon,

voluntarily entered a plea of guilty to the substantive charge. As in respect to the other checks, petitioner Lafever admitted he put the name "Howard Wheeler" on check NK 534 as mentioned in this count. Lafever testified that he produced the check which Lester Wampler Simon cashed. He further stated that so far as he knew, there was no James Carter—Cashier Accountant, of the New York, Chicago and St. Louis Railroad Company. As in the case of the other counts, the petitioner likewise entered his plea of guilty to the aiding and abetting charge as set forth in said Count III of the indictment in Cause No. IP 55–CR–108.

12. The making and cashing of the checks described in Count II in Cause No. IP 55–CR–107, and Counts I, II and III in Cause No. IP 55–CR–108, originated with petitioner. It was he who was the master mind of the crimes charged.

13. Petitioner never personally cashed any of the checks described in any of the counts.

14. Neither the defendant Sue Carol Bell, Helen Chambers nor Doris Traylor ever represented themselves to be either Howard Wheeler or any other male person in cashing any of the checks described in Count II in Cause No. IP 55–CR–107 and Counts I and II in Cause No. IP 55–CR–108. In each instance these women posed as the wife of the fictitious payee.

### Conclusions of Law

From the foregoing findings of fact the court makes the following conclusions of law:

1. The law is with the respondent, United States of America.

2. The defendants Sue Carol Bell, Helen Chambers, Doris Traylor and Lester Wampler Simon, alias Earl Simon, respectively were guilty of causing with unlawful intent the interstate transportation of a falsely made, forged, altered and counterfeited security, namely a check, in violation of Title 18 U.S.C. § 2314, as charged in Count II in Cause No. IP 55–CR–107, and in Counts I, II and III in Cause No. IP 55–CR–108.

3. Petitioner Harry Lafever is guilty as charged in Count II, Cause No. IP 55–CR–107, and Counts I, II and III, Cause No. IP 55–CR–108, in that he did aid, abet, counsel, command, induce and procure the above named offenses in violation of Title 18 U.S.C. § 2314(2) of which his co-defendants were guilty as shown by their voluntary pleas of guilty.

4. As heretofore noted in its findings of fact, the court concludes as a matter of law that each of the counts of the indictments here in question sufficiently charge a federal offense against the petitioner under Title 18 U.S.C. § 2314(2). No jurisdictional defects appear in the counts of the indictments as drawn under the applicable statutes.

5. Upon the defendant's voluntary plea of guilty to each of the counts in question, there was no burden cast upon the Government to prove all of the issues, including the question of whether the checks had moved in interstate commerce. United States v. Caufield, 7 Cir., 207 F.2d 278; United States v. Hoyland, 7 Cir., 264 F.2d 346.

6. The judgments and sentences of this court upon the defendant's voluntary plea of guilty to the validly drawn counts of the respective indictments are not open to collateral attack. United States v. Hoyland, supra.

7. Respondent's motion for judgment made at the close of petitioner's evidence and renewed at the conclusion of all of the evidence should have been sustained.

8. Petitioner's motion to vacate sentence imposed upon him by this court in Count II in Cause No. IP 55–CR–107, and in Counts I, II and III in Cause No. IP 55–CR–108, should be and the same is hereby Denied.

On March 12, 1959, the petitioner caused to be filed what is entitled "Memorandum of Protest by Petitioner, and Motion to Have 'Reply Brief' of Defendant (Respondent) Stricken from the Files

and Records of Case No. IP 57–C–159." This Memorandum of Protest is premised on the ground that the Government's reply brief was filed two days late. However in this regard the matter was taken up with the court by the Assistant United States Attorney in charge of the case for the Government, and it was with the approval of the court that such reply brief was filed; and a copy thereof was served upon the petitioner's attorney, William C. Erbecker, 312 East Washington Street, Indianapolis, Indiana. Moreover, the court concludes that the petitioner's Memorandum of Protest is wholly without merit.