Harry LA FEVER, Petitioner-Appellant,

v.

UNITED STATES of America,
Respondent-Appellee.

No. 12896.

United States Court of Appeals
Seventh Circuit.

June 28, 1960.

Herbert B. Olfson, Chicago, Ill., for appellant.

Don A. Tabbert, U. S. Atty., James L. Miller, Asst. U. S. Atty., Indianapolis, Ind., for respondent-appellee.

Before SCHNACKENBERG and KNOCH, Circuit Judges, and MERCER, District Judge.

SCHNACKENBERG, Circuit Judge.

On March 2, 1956, petitioner was convicted by the judgment of the district court upon his plea of guilty to one count in an indictment and three counts in another indictment, charging violations of 18 U.S.C. § 2314, in that he aided and abetted other named defendants in the commission of an offense under said section, described in his brief in this court as the transporting in interstate commerce of certain forged checks. He was sentenced to prison and now remains incarcerated.

On June 26, 1957, petitioner filed in the district court, pursuant to 28 U.S.C.A. § 2255, a motion to set aside the judgment and sentence imposed upon him. The district court denied the motion summarily, and on appeal to this court, we reversed and remanded the case, LaFever v. United States, 7 Cir., 257 F.2d 271.

On January 12, 1959, the district court conducted a hearing on remandment. On March 26, 1959, it made findings of fact and conclusions of law, LaFever v. United States, D.C., 171 F.Supp. 553, and again denied petitioner's motion under § 2255. To review this action, petitioner has appealed.

Petitioner now contends that the district court erred in denying his motion under § 2255.[1]

On February 20, 1959, this court, in United States v. Hoyland, 7 Cir., 264 F.2d 346, overruled LaFever v. United States, 7 Cir., 257 F.2d 271.

Petitioner asserts that his motion under 28 U.S.C.A. § 2255 tests the validity of his conviction and, in its essentials,

1. He does not question that the district court's findings of fact were supported by the evidence adduced at the hearing held by it.

presents the "issue whether a Federal court had *jurisdiction* over the crime committed where the check cashed bears the name of a fictitious person and where no representation is made, when the check is cashed, that the name is that of a real person." (Italics supplied.)

We do not believe that following a plea of guilty petitioner is in any position to raise what he calls a question of *jurisdiction* because of the facts which he now incorporates in his statement of the issue presented. This court went into this subject fully in United States v. Hoyland, supra, 264 F.2d 351, 352. After citing United States v. Caufield, 7 Cir., 207 F.2d 278, Klein v. United States, 7 Cir., 204 F.2d 513, Keto v. United States, 8 Cir., 189 F.2d 247, Smith v. United States, 10 Cir., 205 F.2d 768, 770, Barnes v. Hunter, 10 Cir., 188 F.2d 86, 89, United States v. Jonikas, 7 Cir., 197 F.2d 675, 676 and Knewel v. Egan, 268 U.S. 442, 446, 45 S.Ct. 522, 69 L.Ed. 1036, we concluded in Hoyland that every criminal judgment is

"* * * based upon a charge containing allegations here characterized by defendant as jurisdictional facts. Absent such allegations, no Federal offense could be stated. Where a defendant pleads not guilty, he places upon the government the burden of proving all essential facts alleged, whether they be characterized as jurisdictional or otherwise. On the other hand, his voluntary plea of guilty admits all essential allegations, thus relieving the government of the burden of making proof. Defendant's contention, if tenable, would have required Judge Sullivan, upon defendant's plea of guilty, to have conducted an independent inquiry or hearing to determine so-called jurisdictional facts, that is, whether the South Chicago Savings Bank was a member of the Federal Reserve System and whether it was insured by the Federal Deposit Insurance Corporation. The admissions inherent in defendant's plea of guilty would not

have obviated the necessity for such procedure.

"Defendant's argument, based on his appraisal of jurisdictional allegations, confuses facts essential to be alleged as elements of the crime with jurisdictional requirements arising as a matter of law. A court which has jurisdiction of the subject matter and of the defendant, as did the court in the instant case, has the power, upon a defendant's plea of guilty, to enter a judgment unassailable from collateral attack." [264 F.2d 352.]

For these reasons the order of the district court is affirmed.

Herbert B. Olfson of the Illinois bar has diligently represented petitioner in this court and we commend him for his service.

Order affirmed.