**Thomas J. BRITTON, Movant,**

v.

**UNITED STATES of America,
Respondent.**

No. CIV–2–81–234.

United States District Court,
E.D. Tennessee,
Northeastern Division.

Nov. 16, 1981.

Thomas J. Britton, pro se.

Guy W. Blackwell, Asst. U.S. Atty., Greeneville, Tenn., for respondent.

## MEMORANDUM OPINION AND ORDER

NEESE, District Judge.

The movant Mr. Thomas J. Britton, a prisoner in custody of an authorized representative of the Attorney General pursuant to this Court's judgment and commitment of January 2, 1981 in *United States of America,* plaintiff, v. *Thomas D. Moore, Jr., et al.,* defendants, no. CR–2–80–14, claims *pro se* the right to be released upon the ground that the sentence imposed upon him is subject to collateral attack. 28 U.S.C. § 2255. The motion of the movant, supporting such claim, and the files, records, transcripts, and correspondence relating to the judgment under attack have been examined by the undersigned judge. Rule 4(b), 28 U.S.C. fol. § 2255.

As the movant claims, *inter alia,* that he was deprived of process of law which he was due constitutionally in the sentencing proceedings and subsequent actions on his motions in no. CR–2–80–14, the Court is of the opinion that it is appropriate * that the claims of the movant be accorded more than summary attention. *Idem.* Accordingly, it hereby is

ORDERED that the United States attorney of this District file an answer or other pleading within 15 days hereof. *Idem.* Other matters hereby are

RESERVED for more mature consideration by the Court.

The respondent answered. *See* memorandum opinion and order herein of Novem-

---

* The post-sentencing and motion-proceedings death of the movant's retained counsel appears to make such answer even more appropriate in the instant situation.

ber 16, 1981. The Court now resumes its initial consideration of the *pro se* motion of the movant Mr. Thomas J. Britton for relief. Rule 4, 28 U.S.C. fol. § 2255.

Mr. Britton and his codefendants Messrs. Thomas D. Moore, Jr. and Louis C. Kerns were indicted in *United States of America, plaintiff, v. Thomas D. Moore, Jr., et al.,* defendants, no. CR–2–80–14, for their conduct in swindling their common-employer, Clinchfield Railroad Company (Clinchfield). Messrs. Britton and Moore were charged in 2 counts thereof, and Mr. Kerns in 1. (Mr. Moore, Jr. was indicted also in a companion indictment.)

Clinchfield is a partnership of the Seaboard Coast Line and Louisville and Nashville Railroad Company. It provides a vital connecting raillink between the North and the South of this nation and has been traditionally a highly-profitable operation. The chief executive officer of the partnership was its general manager, Mr. Moore, Jr. Messrs. Britton and Kerns were also operating officers of the partnership.

Messrs. Moore, Jr. and Britton formed on the side another company of their own. When this company became eligible to perform services for their employer, Mr. Britton inquired of Mr. Moore, Jr. whether their company could accept this work. Mr. Moore, Jr. replied in the affirmative. Thereafter, as equipment was needed by Clinchfield, Messrs. Moore, Jr. and Britton handled the transaction in such a way that they profited personally from Clinchfield's use of the equipment. After about a year of the swindle, Mr. Kerns was brought into the kick-back arrangement with Messrs. Moore, Jr. and Britton.

The perfidy of the defendants was uncovered in an expensive and intensive investigation by officials of the Interstate Commerce Commission (ICC). Some of the records needed in such investigation were missing before the time the ICC confiscated them; but, from the records which were examined, it was estimated that Mr. Moore, Jr. profited personally from the swindle to the extent of $390,000 and Mr. Britton to the extent of $5,000 less.

Messrs. Moore, Jr. and Kerns pleaded not guilty as charged at their arraignments of October 14, 1980. However, the movant Mr. Britton voluntarily and understandingly pleaded guilty to the 2 counts of the indictment under which he was charged at the outset.

Sentencing of Mr. Britton was assigned originally for November 21, 1980. The trial of Messrs. Moore, Jr. and Kerns was assigned to commence the preceding November 13, and was estimated to require some 4 weeks.

On October 23, 1980, Mr. Moore, Jr., who had been arrested in his native South Carolina under the 2 indictments returned against him in this Court, announced in a motion under Rule 20(a), Federal Rules of Criminal Procedure, that he wished to plead guilty, waived trial in this District, and consented to the disposition of such matters in the District of South Carolina. This action, of course, required no judicial approval of the Court of either District, after the United States attorneys for both Districts gave it their executive approval.

The sentencing proceedings of Mr. Britton were continued on November 14, 1980, and Mr. Kerns appeared the same day and changed his plea from not-guilty to guilty of the offense with which he was charged in the indictment. Sentencing proceedings of both Messrs. Britton and Kerns were reassigned for December 12, 1980.

On the immediately preceding date, the Court was reluctant to impose sentences upon Messrs. Britton and Kerns in this District until the actual or prospective sentence(s) of Mr. Moore, Jr. in the District of South Carolina became known. Therefore, the sentencing proceedings as to the defendants remaining in this Court were continued and reassigned for January 2, 1981.

Through the probation officers of the 2 Districts, this Court undertook to ascertain the punishment Mr. Moore, Jr. would probably receive. It appeared that the proceedings against Mr. Moore, Jr. had been assigned to Honorable Falcon B. Hawkins, who had been inducted as a judge of the District of South Carolina slightly more

than 1 year previously, and no reliable anticipation of such punishment could be obtained in this manner.

In that situation, the undersigned judge communicated directly with Judge Hawkins by telephone as to sentences likely to be given all 3 of the defendants in no. CR–2–80–14. (This was the first-and-last contact in this or any other regard between Judge Hawkins and the undersigned judge.)

It appeared at the sentencing proceedings of January 2, 1981 that Mr. Britton was highly remorseful for his conduct. He stated *inter alia* to this Court:

> * * * I am guilty as charged in this indictment. I violated a trust my employer gave me, a trust I held with honor for 25 years; and, when certain situations were presented, I rationalized them. I was weak and, as a result, I became deeply involved. I just didn't have the courage to walk-away. As a result of this weakness, I destroyed my life; I ruined the four dearest things in my life: that is, my wife and children. I have—and I think most important, or as important—I let a lot of innocent people down and embarrassed them; a lot of people had faith in me, and I have gone to [them] and I have apologized. I tried my best to blame someone else for what I have done, but, from my heart, I can't blame anyone but myself. I am guilty; I am responsible; and I have no one to blame but myself for what happened. * * *

Because of this remorse, and being advised of the sentence Mr. Moore, Jr. might expect to receive, this Court fined Mr. Britton $10,000,[1] sentenced him to 4 years' imprisonment on 1 count, giving the Parole Commission authority to release Mr. Britton conditionally at any time its members saw fit (18 U.S.C. § 4205(b)(2)), imposed no sentence of imprisonment on the other count, but rather suspended sentence and placed him on probation for 5 additional years to follow his sentence. At the request of Mr. Britton, it was recommended also that the place of his confinement be in a minimum-security institution.

It was the subjective intent of this Court at the sentencings that Mr. Britton receive a lesser sentence for his misconduct than Mr. Moore, Jr., on the theory that it was Mr. Moore, Jr. who was Mr. Britton's superior in their employment, and that Mr. Moore, Jr. could—and should—have brought the swindle to an end at any time. More especially, this Court was impressed with the remorsefulness of Mr. Britton, while having no way of knowing the attitude of Mr. Moore, Jr. in that regard.

Judge Hawkins, as this Court had expected, imposed on Mr. Moore, Jr. on January 8, 1981 a committed sentence of 5 years, subject to 18 U.S.C. § 4205(b)(2), and fined him the sum of $10,000 in *United States of America,* plaintiff, v. *Thomas D. Moore, Jr.,* defendant, criminal no. 8–243 in the District of South Carolina. Thus, at the outset of the sentencing proceedings, this Court's subjective intent appeared to have been realized.

Mr. Moore, Jr. made a motion for a reduction of his 5-year sentence in the District of South Carolina on May 7, 1981. Such was reduced on May 14, 1981 by Judge Hawkins to a committed sentence of 2 years, subject to the provisions of 18 U.S.C. § 4205(b)(2).

On June 4, 1981 such order of reduction was set-aside, and a hearing was assigned on the motion of May 7, 1981. At such hearing of July 7, 1981 Judge Hawkins again reduced the committed sentence of Mr. Moore, Jr. to 2 years, still subject to the provisions of 18 U.S.C. § 4205(b)(2).

---

1. The Court believed it was a part of wisdom for each of the defendants to be given the maximum fine of $10,000 on at least 1 count of the indictment, in the effort to recoup from their ill-gotten gain a small part of the expense to which the ICC had gone to uncover their machinations in addition to incarceration and probation to follow. As Mr. Kerns was charged in only 1 count of the indictment, this somewhat automatically determined his fine, sentence and probation because of the so-called "split-sentence" provisions of 18 U.S.C. § 3651. (The split-sentence was unnecessary as to Messrs. Moore, Jr. and Britton, both of whom were charged in multiple counts of the indictment.)

In the interim, on February 4, 1981, the movant Mr. Britton had moved this Court for a reduction of sentence. That motion was denied on February 25, 1981 with reference made to the lenient treatment the movant's remorse had produced. Mr. Britton moved the Court subsequently on July 28, 1981 to "reconsider" its action of February 25, 1981. This Court, lacking jurisdiction, because more than 120 days since January 2, 1981 had expired, declined the requested reconsideration.

The movant Mr. Britton finds it difficult to reconcile this Court's refusal to "reconsider" his own motion for a reduction of sentence after 120 days from January 2, 1981 had expired when the District of South Carolina had ostensibly reduced the sentence of Mr. Moore, Jr. more than 120 days after his sentencing on January 8, 1981, resulting in his having to serve twice as long as Mr. Moore, Jr. Mr. Britton understandably views this as a complete miscarriage of justice. The movant claims he is entitled to relief under his motion because this Court did not reconsider reducing on August 7, 1981 its sentence of him in the light of the reduction of the sentence of Mr. Moore, Jr., thus frustrating the intention of this Court in sentencing Mr. Britton and Mr. Kerns.

This Court can only speak to its own ruling in that regard. " * * * The court may reduce a sentence within 120 days after the sentence is imposed * * *." Rule 35(b), Federal Rules of Criminal Procedure. Whatever may be the reason, or excuse a " * * * District Court may not reduce a sentence under Rule 35 after the expiration of the 60 [now] 120 day period * * *." *United States v. Robinson* (1960), 361 U.S. 220, 226, 80 S.Ct. 282, 286, 4 L.Ed.2d 259, 263 (headnote 3). " * * * The time period * * * is jurisdictional and may not be extended. * * *" *United States v. Addonizio* (1979), 442 U.S. 178, 189, 99 S.Ct. 2235, 2242, 60 L.Ed.2d 805, 814[5].

The movant Mr. Britton claims evidently that the foregoing presentence consultation with Judge Hawkins constituted an error of law by this Court of constitutional magnitude and an imposition of sentence in violation of his right to due process of law, Constitution, Fifth Amendment.[2] He finds encouraging the following language: "* * * Normally, if the sentence is set within the limits of the applicable statute, this Court is barred from any inquiry except in exceptional circumstances. * * * However, since protection from arbitrary action is of the essence of substantive due process, and *imposing sentence on one defendant to reflect the situation of a co-defendant would be an arbitrary exercise of judicial power,* the Court concludes that such a claim *states a constitutional cause of action for which relief may be granted. * * * *" *Morris v. United States,* D.C.Va. (1975), 399 F.Supp. 720, 723[5], [6], emphases supplied here.

The movant's encouragement is misplaced. In *Morris,* a district judge had before him in Virginia for consideration an application by a federal prisoner incarcerated there for the federal writ of habeas corpus. Morris was claiming that his codefendant was "a known homosexual", while he was not, and that his trial judge in Texas had given him a more severe sentence " * * * to reflect the situation of a co-defendant * * *." That situation obviously is entirely inapposite to the situation of Mr. Britton: Mr. Britton does not fault this Court's imposition of sentence originally from the constitutional viewpoint as did Morris, only its failure to reduce his sentence when the sentence of his former codefendant Mr. Moore, Jr. was reduced in another District, thereby frustrating this Court's subjective intention in sentencing the movant.

■ As the proceedings in sentencing Mr. Britton were entirely regular after his pleas of guilty, they are " * * * not subject to the

---

**2.** "No person shall be * * * deprived of * * * liberty * * * without due process of law * *." Constitution, Fifth Amendment.

collateral attack made upon them * * * " by the movant. *Howard v. United States,* C.A.8th (1952), 199 F.2d 276, 278[2]; *accord: Lafever v. United States,* D.C.Ind. (1959), 171 F.Supp. 553, 557[4], affirmed C.A.7th (1960), 279 F.2d 833, certiorari denied (1960), 364 U.S. 904, 81 S.Ct. 238, 5 L.Ed.2d 196, rehearing denied (1960), 364 U.S. 929, 81 S.Ct. 355, 5 L.Ed.2d 267. Adverse judicial action on a motion for a reduction of sentence cannot be made the subject of a motion to vacate and set-aside a sentence properly imposed in the first instance. *Richards v. United States,* C.A.D.C. (1954), 212 F.2d 453, 454[2], certiorari denied (1958), 358 U.S. 886, 79 S.Ct. 126, 3 L.Ed.2d 114.

" * * * The Constitution permits qualitative differences in meting out punishment and there is no requirement that two persons convicted of the same offense receive identical sentences. * * * " *Williams v. Illinois* (1970), 399 U.S. 235, 243, 90 S.Ct. 2018, 2023, 26 L.Ed.2d 586, 594[12]. "No limitation shall be placed on the information concerning the background, character, and conduct of a person convicted of an offense which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence." 18 U.S.C. § 3577. " * * * [A] trial judge in the federal judicial system generally has wide discretion in determining what sentence to impose * * * [B]efore making that determination, a judge may appropriately conduct an inquiry broad in scope, largely unlimited as to the kind of information he may consider or the source from which it may come. * * * " *United States v. Tucker* (1972), 404 U.S. 443, 446, 92 S.Ct. 589, 591, 30 L.Ed.2d 592, 596[1], [2], cited and quoted from in *United States v. Grayson* (1978), 438 U.S. 41, 50, 98 S.Ct. 2610, 2615, 57 L.Ed.2d 582, 589[2].

■ Therefore, in none of his claims for relief does the movant state a valid ground of violation of the Constitution or laws of the United States. His other claims fall in the category of grounds relating to sentences which are " * * * otherwise subject to collateral attack * * * ." 28 U.S.C. § 2255, *supra; United States v. Hayman* (1952), 342 U.S. 205, 216–217, 72 S.Ct. 263, 271, 96 L.Ed. 232, 240.

Except where the claim under 28 U.S.C. § 2255, *supra,* alleges a lack of jurisdiction or a constitutional error in the sentencing proceedings, the scope of collateral attack upon the final judgment and sentence is limited markedly. " * * * [A]n error of law does not provide a basis for collateral attack unless the claimed error constituted 'a fundamental defect which inherently results in a complete miscarriage of justice.' * * * " *United States v. Addonizio, supra,* 442 U.S. at 185, 99 S.Ct. at 2240, 60 L.Ed.2d at 811[4].

The Court cited therein 2 examples of such miscarriages: a defendant was convicted of failing to obey a lawful order under the Selective Service Act; subsequent to his conviction and sentencing, there was a change in the substantive law that established that the conduct for which the defendant had been convicted and sentenced was, in fact, lawful rather than unlawful. *Davis v. United States* (1974), 417 U.S. 333, 94 S.Ct. 2298, 41 L.Ed.2d 109. As the *Addonizio* Court pointed-out: " * * * To have refused to vacate his sentence would surely have been a 'complete miscarriage of justice,' since the conviction and sentence were no longer lawful. * * * " 442 U.S. at 187, 99 S.Ct. at 2241, 60 L.Ed.2d at 812.

In *Tucker, supra,* when the defendant was sentenced and his punishment enhanced because he was a frequent offender, the sentencing judge was under the mistaken impression that the defendant had been represented by counsel during all his prior convictions. This proved afterward to be incorrect. The *Addonizio* Court noted it had been emphasized in *Tucker* that this defect in his sentencing was " * * * 'misinformation of constitutional magnitude.' * * We have held that the constitutional right to the assistance of counsel is itself violated when uncounseled convictions serve as the basis for enhanced punishment. * * * "

442 U.S. at 187, 99 S.Ct. at 2241, 60 L.Ed.2d at 812–813. Mr. Britton was subjected to no similar defect in his sentencing proceedings that inherently resulted in a complete miscarriage of justice.

*Addonizio, supra,* also disposes of the 4th ground raised by the movant[3] to attack collaterally his judgment and sentence. " * * * In an opinion by STEVENS, J., expressing the unanimous view of the seven participating members of the Court, it was held that the allegation that the postsentencing change in Parole Commission policies prolonged actual imprisonment beyond the period intended by the sentencing judge would not support a collateral attack on the original sentence under 28 USCS § 2255, [as to] subsequent actions taken by the Commission * * *." *Ibid.,* 442 U.S. 178, 99 S.Ct. 2235, 60 L.Ed.2d 805 (summary). The Court said:

> * * * [T]he judge has no enforceable expectations with respect to the actual release of a sentenced defendant short of his statutory term. The judge may well have expectations as to when release is likely. But the actual decision is not his to make, either at the time of sentencing or later if his expectations are not met.

To require the Parole Commission to act in accordance with judicial expectations, and to use collateral attack as a mechanism for ensuring that these expectations are carried out, would substantially undermine the congressional decision to entrust release determinations to the Commission and not the courts. Nothing in § 2255 supports—let alone mandates—such a frustration of congressional intent.

* * * [S]ubsequent actions taken by the Parole Commission—whether or not such actions accord with a trial judge's expectations at the time of sentencing—do not retroactively affect the validity of the final judgment itself. * * *

*Ibid.,* 442 U.S. at 190, 99 S.Ct. at 2243, 60 L.Ed.2d at 814[1b].

There is patently no merit to the 3d ground of the movant's motion. It is true that " * * * where the facts appearing in the record point convincingly to the conclusion that the district court has, without any justification, arbitrarily singled out a minor defendant for the imposition of a more severe sentence than that imposed upon the co-defendants * * *" *United States v. Wiley, supra,* 278 F.2d at 503[5], on appeal

---

**3.** "U.S. Parole Commission failed to give meaningful consideration to the sentence terms, 4205(B)2, using only severity guidelines for offense." In an addendum, the movant states *inter alia:* " * * * [T]he panel members [of the Parole Commission] * * * stated that no consideration could be given to the (B)2 sentence unless it was accompanied by a letter from the sentencing judge stating his reason for imposing the 4205(B)2 sentence. * * *" The movant's " * * * case manager, present at the parole hearing, * * * told the petitioner [movant] that the panel seemed to have a predetermined opinion of my case, which she did not understand. *United States Vs. Wigado,* DC ILL, 1976, 417 F.Supp. 276 * * *. *United States Vs. Manderville,* 396 F Supp 1244, 1249 (D Conn, 1975), as stated by Judge Blumerfeld, 'while courts have expressed reluctance to function as superparole boards (also) *Wiley Vs. U.S. Board of Parole,* CONN, 1975, 380 F Supp, 1194,— they should not be reluctant to modify sentences...' ... 'with regard to parole possibilities [sic] have subsequently been violated.' *Edwards Vs. United States,* 574 F 2nd., 937, 8th Cir 1978, 'with the Judge in sentencing under that provision, has an objective expectation

that the prisoner will be given meaningful parole consideration at or before the one-third (⅓) point of his sentence, and that the prisoners [sic] institutional conduct and rehabilitation be a major factor in the parole boards [sic] determination, 18 USCA 4205(B)2.' * * * "

The movant recounts also his effort, through counsel, to obtain such a letter from this Court, which request was not met with the requested action. For purposes of this record, it is stated that the intention of this Court, in subjecting any sentence of imprisonment to the provisions of 18 U.S.C. § 4205(b)(2), is to authorize the Parole Commission to release the prisoner on parole " * * * at such time as the *Commission* [emphasis supplied] may determine." *Idem.* It is noted that the authorities cited by the movant in his addendum antedate the decision of the Supreme Court in *United States v. Addonizio, supra.* " * * * The judge may select an early parole eligibility date, but that guarantees only that that defendant will be considered at that time by the Parole Commission. * * *" *Ibid.,* 442 U.S. at 189, 99 S.Ct. at 2242, 60 L.Ed.2d at 814. He admits being thus considered on May 13, 1981.

from such judgment and sentence, an appellate court will correct, in exercising its supervisory power over the inferior courts, the disparity in sentencing *by the single District Court* acting arbitrarily and without any justification.

The facts appearing in this record reflect that the movant was sentenced by this Court, and that his codefendant and original coconspirator was sentenced by another District Court. Furthermore, Wiley was a mere accessory while his codefendant, the principal, was the most active participant in the crime. *United States v. Wiley,* C.A.7th (1959), 267 F.2d 453, 456.

It is true, as stated, that this Court intended subjectively that Mr. Britton's sentence be less severe than that expected to be given Mr. Moore, Jr. But, " * * * there is no basis for enlarging the grounds for collateral attack to include claims based not on any objectively ascertainable error but on the frustration of the subjective intent of the sentencing judge. * * * " *United States v. Addonizio, supra,* 442 U.S. at 187, 99 S.Ct. at 2241, 60 L.Ed.2d at 813.

It appearing plainly from the face of the motion and the annexed exhibits and the prior proceedings in no. CR–2–80–14 that the movant is entitled to no relief in this Court, the movant hereby is DENIED all relief, Rule 58(1), Federal Rules of Civil Procedure, and it is ORDERED that this action is dismissed summarily. The movant Mr. Thomas J. Britton will be so notified. Rule 4, 28 U.S.C. fol. § 2255, *supra.*

(Should the movant give timely notice of an appeal from the judgment to be entered herein, he, having been permitted to proceed herein in forma pauperis, may proceed on any appeal without further authorization. Rule 24(a), Federal Rules of Appellate Procedure.)