

1999 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-16-1999

# USA v. Spinner

Precedential or Non-Precedential:

Docket 98-7353

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_1999

Recommended Citation
"USA v. Spinner" (1999). *1999 Decisions.* Paper 154.
http://digitalcommons.law.villanova.edu/thirdcircuit_1999/154

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 1999 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

Filed June 16, 1999

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 98-7353

UNITED STATES OF AMERICA

v.

WILLIAM H. SPINNER, III,

     Appellant

APPEAL FROM THE
UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

(D.C. Criminal No. 97-cr-00143)
(District Judge: Honorable Sylvia H. Rambo)

ARGUED MARCH 25, 1999

BEFORE: BECKER, Chief Judge, LEWIS,
and WELLFORD,* Circuit Judges.

(Filed June 16, 1999)

     PETER B. FOSTER (ARGUED)
     Pinskey & Foster
     121 South Street
     Harrisburg, PA 17101

      Attorney for Appellant

_____

*Honorable Harry W. Wellford, Senior Circuit Judge for the United States
Court of Appeals for the Sixth Circuit, sitting by designation.

DENNIS C. PFANNENSCHMIDT
THEODORE B. SMITH, III (ARGUED)
Office of United States Attorney
Federal Building
228 Walnut Street
P.O. Box 11754
Harrisburg, PA 17108

 Attorneys for Appellee

OPINION OF THE COURT

LEWIS, Circuit Judge.

Appellant William H. Spinner, III, appeals the judgment of conviction of the United States District Court for the Middle District of Pennsylvania. Because the District Court lacked jurisdiction over the indictment, we will reverse Spinner's conviction and vacate this case to the District Court so that Spinner may be reindicted on Count I of the indictment and for further proceedings with respect to Count II.

I.

In Count I of an indictment filed on June 10, 1997, Spinner was charged with access device fraud in violation of 18 U.S.C. S 1029(1)(5). In Count II, Spinner was charged with bank fraud, in violation of 18 U.S.C. S 1344. Spinner appeared before the District Court on August 15, 1997, and entered a plea of guilty to Count I of the indictment. On June 4, 1998, the District Court sentenced Spinner to two years imprisonment. This timely appeal followed.

II.

"Happily, the rule that the indictment, to be sufficient, must contain all the elements of a crime . . . is still a vital part of our Federal criminal jurisprudence." United States v. Wander, 601 F.2d 1251, 1259 (3d Cir. 1979) (quoting United States v. Knox Coal Co., 347 F.2d 33, 37 (3d Cir. 1965)). To confer federal jurisdiction in this case, the

2

interstate commerce element of the crime with which Spinner was charged must be alleged in the indictment. The United States, however, failed to allege the interstate commerce element of the crime in the indictment. It admits that "Count I of the indictment fails to allege that any of the transactions affected commerce." Appellant's Br. at 19. Nonetheless, it maintains that this is harmless error, because Count II of the indictment does allege the federal jurisdictional element. We disagree.

The Supreme Court has stated that a defendant has a "substantial right to be tried only on charges presented in an indictment returned by a grand jury. Deprivation of such a basic right is far too serious to be treated as nothing more than a variance and then dismissed as harmless error." Stirone v. United States, 361 U.S. 212, 217 (1960). The fact that the United States charged interference with interstate commerce in Count II of Spinner's indictment is not a sufficient basis on which to find federal jurisdiction:

> The charge that interstate commerce is affected is critical since the Federal Government's jurisdiction of this crime rests only on that inference. It follows that when only one particular kind of commerce is charged to have been burdened a conviction must rest on that charge and not another, even though it be assumed that under an indictment drawn in general terms a conviction might rest upon a showing that commerce of one kind or another had been burdened.

Id. at 218. Without alleging an effect on interstate commerce in the first count, then, the indictment in this case was jurisdictionally defective.

When, as in this case, an indictment fails to allege all elements of an offense, the defect may be raised by the court sua sponte. We have held that "[f]ailure of an indictment sufficiently to state an offense is a fundamental defect . . . and it can be raised at any time." Wander, 601 F.2d at 1259; see also Fed.R.Crim.P. 12(b)(2); United States v. Beard, 414 F.2d 1014, 1015 (3d Cir. 1969) (quoting United States v. Manuszak, 234 F.2d 421, 423 (3d Cir. 1956)).

3

Furthermore, notice alone cannot form a sufficient basis to validate a jurisdictionally defective indictment. In United States v. Hooker, 841 F.2d 1225 (4th Cir. 1988) (en banc), the Fourth Circuit Court of Appeals held that "an effect on interstate commerce" was an essential element of a RICO offense without which an indictment was insufficient. It further held that notice alone was insufficient to validate the indictment: "The inclusion of all elements . . . derives from the Fifth Amendment, which requires that the grand jury have considered and found all elements to be present." Id. at 1230.

Finally, Spinner did not waive this jurisdictional defect by entering a guilty plea. In United States v. Caperell, 938 F.2d 975 (9th Cir. 1991), the Ninth Circuit Court of Appeals held that "[a]lthough a guilty plea generally waives all claims of constitutional violation occurring before the plea, `jurisdictional' claims are an exception to this rule." Id. at 977 (quoting United States v. Montilla, 870 F.2d 549, 552 (9th Cir. 1989), amended at 907 F.2d 115 (9th Cir. 1990) ("Claims that `the applicable statute is unconstitutional or that the indictment fails to state an offense' are jurisdictional claims not waived by the guilty plea.")); see also United States v. Riviera, 879 F.2d 1247, 1251 (5th Cir. 1989); O'Leary v. United States, 856 F.2d 1142, 1143 (8th Cir. 1988) (per curiam); United States v. Di Fonzo, 603 F.2d 1260, 1263 (7th Cir. 1979). While a defendant's guilty plea may be thought to waive a jurisdictional defect, see United States v. Bentz, 21 F.3d 37, 39 n. 2 (3d Cir. 1994), we are faced here not with a defendant who pleads guilty and then wishes to challenge the facts that give rise to federal jurisdiction (such as an effect on interstate commerce), but with an indictment that does not allege those facts. It is only in the former case that courts have found jurisdictional challenges waived by a guilty plea. See id. While a challenge to jurisdiction-defeating factual allegations requires a court to go beyond the fact of the indictment, no such difficulty arises here. See United States v. Caperell, 928 F.2d 975, 977-78 (9th Cir. 1991).

III.

Since the United States failed to allege an essential element of the crime in the indictment, we have no choice

4

but to reverse and vacate Spinner's conviction so that he may be properly indicted and remand for further proceedings.

5

WELLFORD, Circuit Judge, concurring:

It is for the judges of this circuit to decide whether defendant's guilty plea in this case constituted a waiver of the indictment deficiency discussed. This court indicated in a footnote, a few years ago, that a guilty plea may (not that it necessarily does) waive a jurisdictional defect:

> [W]e need not reach the issuance of whether a guilty plea waives jurisdictional as well as nonjurisdictional defects. Compare United States ex rel. Shank v. Pennsylvania, 461 F.2d 61, 62 (3d Cir. 1972) (asserting that guilty plea waives all nonjurisdictional defects), cert. denied, 409 U.S. 1110, 93 S.Ct. 917, 34 L.Ed.2d 691 (1973), and United States ex rel. Jenkins v. Hendricks, 45 F.2d 182, 183 (3d Cir. 1968) (same), with United States v. Mathews, 833 F.2d 161, 164 (9th Cir. 1987) (asserting that guilty plea "establishes the factual basis for jurisdiction") (cited in United States v. Parker, 874 F.2d 174, 178 (3d Cir. 1989)).

United States v. Bentz, 21 F.3d 37, 39 n.2 (3d Cir. 1994).

The Supreme Court has used broad language to indicate that a criminal defendant may forfeit (or waive) a constitutional right in a criminal case:

> "No procedural principle is more familiar to this Court than that a constitutional right," or a right of any other sort, "may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it." Yakus v. United States, 321 U.S. 414, 444 (1944).

United States v. Olano, 507 U.S. 725, 731 (1993).

Another circuit has recently used broad language in considering this issue in the context of the jurisdiction of the court:

> Martin's argument rests on the concept that a guilty plea does not waive jurisdictional defenses to the crime at issue. United States v. Nash, 29 F.3d 1195, 1201 (7th Cir. 1994). But the nexus with interstate commerce, which courts frequently call the "jurisdictional element," is simply one of the essential

6

elements of S 844(i). Although courts frequently call it the "jurisdictional element" of the statute, it is "jurisdictional" only in the shorthand sense that without that nexus, there can be no federal crime under the bombing statute. Kanar v. United States, 118 F.3d 527, 530 (7th Cir. 1997). It is not jurisdictional in the sense that it affects a court's subject matter jurisdiction, i.e., a court's constitutional or statutory power to adjudicate a case, here authorized by 18 U.S.C. S 3231. See Steel Co. v. Citizens for a Better Env't, ___ U.S. ___, ___, 118 S.Ct. 1003, 110, 140 L.Ed.2d 210 (1998). This court has recognized for decades that, despite defendants' tendency to "confuse[ ] facts essential to be alleged as elements of the crime with jurisdictional requirements arising as a matter of law," once a defendant plead guilty in"[a] court which has jurisdiction of the subject matter and of the defendant, as did the court in the instant case," the court's judgment cannot be assailed on grounds that the government has not met its burden of proving "so-called jurisdictional facts." United States v. Hoyland, 264 F.2d 346, 352-53 (7th Cir. 1959); La Fever v. United States, 279 F.2d 833, 834 (7th Cir. 1960). Even if the government fails to establish the connection to interstate commerce, the district court is not deprived of jurisdiction to hear the case. See generally Steel Co., 118 S.Ct. at 1010-13.

United States v. Martin, 147 F.3d 529, 531-32 (7th Cir. 1998).

Defendant Spinner entered into a guilty plea pursuant to a plea agreement in this case whereby he pleaded guilty to count one in exchange for dismissal of count two. There was, at sentencing, a full discussion of the nature of both charges, including the count two defrauding of"certain financial institutions by fraudulent use of access devices." The district court explained that "he must establish for the record your involvement in these charges." (Emphasis added.)

Although I am inclined to believe that defendant may have waived his objection to the interstate aspect deficiency in count one, I am prepared to concur in the majority's

7

determination as to that count, but I also believe that matter may be remanded to the district court to consider whether defendant should be put to trial on count two (if he pleads not guilty), or whether defendant may choose to enter a guilty plea. The parties, represented by counsel, agreed that defendant was in fact guilty of the factual bases stated by the United States Attorney with respect to the charges. If, on technical grounds, we set aside the guilty plea to count one not based on any objection made by defendant to the district court, I believe the matter should in fact be remanded to the district court for further proceedings as to count two. This court has sua sponte negated the plea agreement; defendant should be called upon to answer to the count two charges in fairness. I believe the defendant had real notice of the true nature of the charges made against him.

I concur with the majority that Spinner may also be reindicted by means of a technically sufficient charge as to the factual basis of the count one charge.

A True Copy:
Teste:

      Clerk of the United States Court of Appeals
      for the Third Circuit