WELLFORD, Circuit Judge,
concurring:
It is for the judges of this circuit to decide whether defendant’s guilty plea in this case constituted a waiver of the indictment deficiency discussed. This court indicated in a footnote, a few years ago, that a guilty plea may (not that it necessarily does) waive a jurisdictional defect:
[W]e need not reach the issuance of whether a guilty plea waives jurisdictional as well as nonjurisdictional defects. Compare United States ex rel. Shank v. Pennsylvania, 461 F.2d 61, 62 (3d Cir.1972) (asserting that guilty plea waives all nonjurisdictional defects), cert. denied, 409 U.S. 1110, 93 S.Ct. 917, 34 L.Ed.2d 691 (1973), and United States ex rel. Jenkins v. Hendricks, 405 F.2d 182, 183 (3d Cir.1968) (same), with United States v. Mathews, 833 F.2d 161, 164 (9th Cir.1987) (asserting that guilty plea “establishes the factual basis for jurisdiction”) (cited in United States v. Parker, 874 F.2d 174, 178 (3d Cir.1989)).
United States v. Bentz, 21 F.3d 37, 39 n. 2 (3d Cir.1994).
The Supreme Court has used broad language to indicate that a criminal defendant may forfeit (or waive) a constitutional right in a criminal case:
“No procedural principle is more familiar to this Court than that a constitutional right,” or a right of any other sort, “may be forfeited in criminal as well as civil cases by the failure to make timely assertion of the right before a tribunal having jurisdiction to determine it.” Yakus v. United States, 321 U.S. 414, 444, 64 S.Ct. 660, 88 L.Ed. 834 (1944).
United States v. Olano, 507 U.S. 725, 731, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993).
Another circuit has recently used broad language in considering this issue in the context of the jurisdiction of the court:
Martin’s argument rests on the concept that a guilty plea does not waive jurisdictional defenses to the crime at issue. United States v. Nash, 29 F.3d 1195, 1201 (7th Cir.1994). But the nexus with interstate commerce, which courts frequently call the “jurisdictional element,” is simply one of the essential elements of § 844(i). Although courts frequently call it the “jurisdictional element” of the statute, it is “jurisdictional” only in the shorthand sense that without that nexus, there can be no federal crime under the bombing statute. Kanar v. United States, 118 F.3d 527, 530 (7th Cir.1997). It is not jurisdictional in the sense that it affects a court’s subject matter jurisdiction, ie., a court’s constitutional or statutory power to adjudicate a case, here authorized by 18 U.S.C. § 3231. See Steel Co. v. Citizens for a Better Env’t, — U.S. -, -, 118 S.Ct. 1003, 1010, 140 L.Ed.2d 210 (1998). This court has recognized for decades that, despite defendants’ tendency to “confuse[ ] facts essential to be alleged as elements of the crime with jurisdictional requirements arising as a matter of law,” once a defendant plead guilty in “[a] court which has jurisdiction of the subject matter and of the defendant, as did the court in the instant case,” the court’s judgment cannot be assailed on grounds that the government has not met its burden of proving “so-called jurisdictional facts.” United States v. Hoyland, 264 F.2d 346, 352-53 (7th Cir.1959); La Fever v. United States, 279 F.2d 833, 834 (7th Cir.1960). Even if the government fails to establish the connection to interstate commerce, the district court is not deprived of jurisdiction to hear the case. See generally Steel Co., 118 S.Ct. at 1010-13.
*518 United States v. Martin, 147 F.3d 529, 531-32 (7th Cir.1998).
Defendant Spinner entered into a guilty plea pursuant to a plea agreement in this case whereby he pleaded guilty to count one in exchange for dismissal of count two. There was, at sentencing, a full discussion of the nature of both charges, including the count two defrauding of “certain financial institutions by fraudulent use of access devices.” The district court explained that “he must establish for the record your involvement in these charges.” (Emphasis added.)
Although I am inclined to believe that defendant may have waived his objection to the interstate aspect deficiency in count one, I am prepared to concur in the majority’s determination as to that count, but I also believe that matter may be remanded to the district court to consider whether defendant should be put to trial on count two (if he pleads not guilty), or whether defendant may choose to enter a guilty plea. The parties, represented by counsel, agreed that defendant was in fact guilty of the factual bases stated by the United States Attorney with respect to the charges. If, on technical grounds, we set aside the guilty plea to count one not based on any objection made by defendant to the district court, I believe the matter should in fact be remanded to the district court for further proceedings as to count two. This court has sua sponte negated the plea agreement; defendant should be called upon to answer to the count two charges in fairness. I believe the defendant had real notice of the true nature of the charges made against him.
I concur with the majority that Spinner may also be reindicted by means of a technically sufficient charge as to the factual basis of the count one charge.